## CODY v. THE STATE.

1. Where an offense may be committed in one of several ways not repugnant to each other, a count is not double because it charges that the act was done in several of the ways prohibited by the statute.

2. Under such an indictment the State can not be required to elect for which particular act it will ask a conviction.

3. Proof of the commission of any one of the prohibited acts will support a conviction.

4. The evidence established that the defendant had no visible means of support, was able to work, and lived an idle, immoral, and profligate life.

5. The fact that she occasionally did a little work and earned small sums of money insufficient to support her was no answer to the general state of idleness in which she was shown to live.

Submitted October 21, — Decided October 29, 1903.

Indictment for vagrancy. Before Judge Crisp. City court of Americus. September 7, 1903.

The indictment charged Hester Cody with the offense of vagrancy, "for that the said Hester Cody, on the 15th day of May, in the year nineteen hundred and three, in the county aforesaid, did then and there, unlawfully and with force and arms, wander and stroll about in idleness, being then and there able to work and having no property to support her, and did then and there lead an idle, immoral, and profligate life, having no property to support her and being then and there able to work and not working, and being then and there able to work and having no property to support her did not have any visible and known means of a fair, honest, and reputable livelihood, contrary to the laws of said State," etc. The motion for a new trial was on the grounds, that the verdict was contrary to law and the evidence; that the court erred "in refusing to require the State to elect under which count in the indictment she would be tried, there being several counts in same;" that the court erred "in not giving the entire section of the code defining vagrancy, instead of giving three [paragraphs] in charge to the jury;" and that the court erred in excluding certain testimony as to matters subsequent to the indictment, and in admitting certain testimony "over objection of defendant," the nature of which objection is not stated.

J. R. Williams, for plaintiff in error.

F. A. Hooper, solicitor-general, contra.

LAMAR, J.   The defendant was charged with the single offense of vagrancy, which, under the Penal Code, § 453, may be committed in either of several ways; and the count here is not double because it charges the commission of the offense in several of the methods prescribed by the statute, none of those alleged being repugnant to each other.   At the trial the offense could have been established by proof of the commission of either of the prohibited acts, nor was the State bound to elect between them. *Heath* v. *State*, 91 *Ga.* 126; *Wingard* v. *State*, 13 *Ga.* 398; *Stephens* v. *State*, 11 *Ga.* 226 (2); *Sims* v. *State*, 110 *Ga.* 290; *Lascelles* v. *State*, 90 *Ga.* 347 (4); Penal Code, § 929.

Allowing the chief of police to remain in court to assist the solicitor-general was not erroneous. · *Keller* v. *State*, 102 *Ga.* 506.

It was not improper for the court to read only so much of the code section as related to the acts of vagrancy set out in the indictment, and to exclude from the jury evidence of transactions occurring since the indictment.   The grounds of the motion predicated upon the admission of illegal evidence do not set out what objections were urged, and can not be considered.   The evidence, though conflicting, was amply sufficient to show that the defendant had no property, was able to work, and wandered and strolled about in idleness, and led an idle, immoral, and profligate life. Penal Code, § 453.   The fact that the evidence for the defendant tended to establish that she occasionally did a little work and earned small sums of money; which, however, were insufficient to support her, was no answer to the general state of idleness in which she was shown to live.   In *Daniel* v. *State*, 110 *Ga.* 915, a conviction was set aside because it appeared that "the accused must have been at work for several months prior to" the alleged vagrancy, "and must have earned a sufficiency for his support during that period."   *Judgment affirmed.   All the Justices concur.*