### 30834. WALKER *v.* THE STATE.

Decided September 15, 1945. Rehearing denied October 5, 1945.

*R. R. Jackson,* for plaintiff in error.

*Lindley W. Camp, solicitor, E. E. Andrews, solicitor-general, Durwood T. Pye,* contra.

Broyles, C. J.   G. C. Walker was tried in the criminal court of Fulton County on a special presentment containing six counts and charging him with violating the usury laws of the State.   On the calling of the case Walker presented a written plea or motion containing two counts and denominated by him as a "plea of estoppel, abatement, and motion to quash" the presentment. Both counts of the plea or motion were stricken on written demurrers, and that ruling was excepted to.   The case was tried by the judge, without the intervention of a jury and, after the introduction of evidence by both parties and the statement of the defendant, the court adjudged the accused guilty on all six counts of the presentment.   Subsequently the defendant's certiorari was overruled by a judge of the superior court, and that judgment is assigned as error in the bill of exceptions.

1.   Was the plea of "estoppel, abatement, and motion to quash" the presentment properly dismissed on demurrer?   The "plea," properly construed (most strongly against the pleader), was a motion to quash the presentment.   The "plea" sets forth many reasons of law which, the plea contends, show that the presentment was insufficient in law.   It also sets forth many matters of fact which, the plea contends, show that the defendant is not guilty of the offenses charged.   Those matters of fact were facts outside of the other pleadings and the record, and could not be set up in a motion to quash the presentment.   A motion to quash an indictment is merely a demurrer thereto, and an indictment is not demurrable for matters of fact dehors the pleadings and the record. *Tate* v. *State,* 24 *Ga. App.* 279 (100 S. E. 765).   The only thing that the "plea" could legally set up was to question the sufficiency in law of the presentment.   *Cox* v. *State,* 3 *Ga. App.* 609 (3) (60 S. E. 283); *Owens* v. *State,* 54 *Ga. App.* 417 (187 S. E. 890); *Golden* v. *State,* 45 *Ga. App.* 501 (165 S. E. 299); *Daniel* v. *State,* 63 *Ga. App.* 12 (10 S. E. 2d, 80).   The motion to quash the presentment should be treated as a demurrer, general and special.   The presentment is substantially in the language of the

indictment in *Mell* v. *State,* 69 *Ga. App.* 302 (25 S. E. 2d, 142), which this court held was sufficient against general and special demurrers raising substantially all the questions which the "plea" in the instant case can properly be construed to raise. See also, in this connection, *Crowe* v. *State,* 44 *Ga. App.* 719 (162 S. E. 849); *Jarvis* v. *State,* 69 *Ga. App.* 326 (25 S. E. 2d, 100).

Count 1 of the presentment, which was drawn under the Code, §§ 25-301 and 25-9902, charged that the accused failed to secure a license, as provided by law, to engage in the business of lending money in amounts of $300 and less, and did charge, contract for, and receive from one B. D. Gordy a greater rate of interest than eight per centum per annum on said loans and for the use of said money. Each of the other five counts, which were drawn under the Code, §§ 57-117 and 57-9901, charged that the accused on a specified date did lend a certain specified sum of money to B. D. Gordy, and did unlawfully charge and receive therefor a rate of interest greater than five per centum per month "by way of commission for advances, discount, exchange, the purchase of salary and wages, and by contracts, contrivances, and devices to the grand jurors unknown, all of which constituted a subterfuge and scheme intentionally used by the accused to evade the laws of said State." The presentment was substantially in the language of the above-referred-to Code sections, and the court did not err in sustaining the demurrers to the motion to quash the presentment.

2. Did the evidence authorize the trial judge, sitting by consent as both judge and jury, to find the defendant guilty on all counts of the presentment? The controlling issue was whether the transactions in question were loans, at usurious rates of interest, as contended by the State, or were they bona fide sales of wages, without any intent to evade the usury laws, as contended by the defendant. The evidence on that issue was in sharp conflict, and probably would have authorized the defendant's acquittal, but it also was sufficient to authorize the finding of the trial judge.

None of the special assignments of error in the petition for certiorari shows cause for a new trial, and the overruling of the certiorari was not error.

The cases cited in behalf of the accused are differentiated by their particular facts from this case.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*