## 36635. SHEPPARD *v.* THE STATE.

TOWNSEND, J. 1. The indictment in this case alleged that the defendant on trial, being absent at the time of the commission of the crime, did procure, counsel and command two named minors to break and enter a storehouse belonging to the stepfather of one of them, from which they stole certain sums of money, and that said minors have been "found in a state of delinquency by a court of competent jurisdiction and committed to the Georgia State Training School for boys by reason of the commission of the burglary as aforesaid." This does not amount to an allegation that the principals have been convicted, since a conviction can result only from a criminal proceeding and proceedings under the Juvenile Court Act (Ga. L. 1951, pp. 291, 302) are civil and not criminal in nature. *Hampton* v. *Stevenson,* 210 *Ga.* 87 (78 S. E. 2d 32).

2. Special grounds 4 through 7 assign error on the introduction in evidence of documents relating to the juvenile court proceedings. There was no demurrer to the indictment attacking allegations setting forth the facts proved by these documents, and it was accordingly not error to admit these papers as evidence supporting the specific allegations in the indictment, regardless of whether such allegations were good in substance. *Hill* v. *Wallace,* 31 *Ga. App.* 72 (2) (119 S. E. 468); *Kelly* v. *Strouse,* 116 *Ga.* 872 (2) (43 S. E. 280). If it was error to admit the original juvenile court papers instead of exemplified copies, such error was harmless, since the records were admitted to be original records. *Moody* v. *Board of Commissioners of Appling County,* 29 *Ga. App.* 21 (6) (113 S. E. 103). However, original records of the court in which the case is being tried may be admitted in evidence. *Reed* v. *Reed,* 202 *Ga.* 508 (4) (43 S. E. 2d 539). Code (Ann. Supp.) § 24-2403, provides that in counties of the class in which Brantley County

falls, and where a juvenile court has not been established, the judge of the superior court "shall sit as the juvenile court judge" and this "shall create no new court or judge but shall merely clothe the judge with additional powers." Accordingly, no error harmful to movant is shown by the use of original rather than certified copies of the juvenile court proceedings.

3. Where an indictment is not on its face so defective that a motion in arrest of judgment would lie, an objection to it must be in writing. *Gilmore* v. *State,* 118 *Ga.* 299 (1) (45 S. E. 226). An oral objection, being ineffective for its purpose, is the equivalent of none at all, and, if no other action be taken, a waiver results.

4. "An accessory before the fact is one who, though absent when the crime is committed, procures, counsels, or commands another to commit same." Code § 26-602. "An accessory before the fact, except where it is otherwise provided, shall receive the same punishment that is prescribed for the principal in the first degree." Code § 26-603. "An accessory before or after the fact may be indicted, tried, convicted, and punished, notwithstanding the principal offender may have been pardoned or otherwise discharged after his conviction or cannot be taken so as to be prosecuted and punished." Code § 26-606. The common-law distinction between an accessory before the fact and a principal has been abolished in Georgia by the above statutes and both, where subject to the same punishment under the law, are guilty of the same offense, not separate and distinct offenses. One indicted as the perpetrator of the crime may be convicted on evidence showing him to have been an accessory before the fact. *Chambers* v. *State,* 194 *Ga.* 773 (22 S. E. 2d 487).

5. Even where one is indicted as accessory before the fact, and even where the principal does not fall within one of the categories mentioned in Code § 26-606, the trial of the accessory before the fact is not necessarily illegal. Both may be tried at the same time. *Powers* v. *State,* 174 *Ga.* 202 (162 S. E. 275). "It has always been held by this court that upon the trial of an accessory before the fact the guilt of the actual perpetrator of the alleged crime must be shown. The guilt of the principal in the first degree in such cases may be established by the record of the trial and conviction or plea of guilty of this principal in the first degree, or it may be established by

testimony introduced for the purpose of showing the guilt of the principal in the first degree either by direct or circumstantial evidence." *Rawlings v. State*, 163 *Ga.* 406, 422 (136 S. E. 448). The conviction of the principal as distinguished from his guilt is not an element of the crime of an accessory, but merely affects the time when or manner in which an accessory can be tried. *Cantrell v. State*, 141 *Ga.* 98, 101 (80 S. E. 649) ; *Harris v. State*, 191 *Ga.* 243, 251 (12 S. E. 2d 64). Being a mere regulation of procedure, the purpose of which is to prima facie establish the guilt of the accused, it is a technical defense and may be waived. *Ford v. State*, 162 *Ga.* 422, 427 (134 S. E. 95) ; *Cantrell v. State*, supra.

6. The evidence on the trial of the case, including the sworn testimony of the two named minors to the effect that they had committed the burglaries, demanded a finding that the principals were guilty as such, and that they had been punished under the laws of this State (though not in a criminal proceeding). It also amply authorized a finding that the defendant planned, organized, procured, and helped carry out the burglaries perpetrated by the juveniles and that she received from them all of the proceeds. Applying the rules of law stated above to these facts, it follows that while the indictment, which charged the defendant as an accessory before the fact, should have alleged that the principals had been convicted of the offense, and while the facts stated in the indictment failed to show a conviction of the principals and was to this extent defective, and while the defendant did orally object to being brought to trial prior to their conviction, such a defect affecting as it does only the time and manner of trial but not being an element of the crime, is of a technical nature and must be attacked by an objection in writing, such as a demurrer or motion to quash, which was not done in this case. Accordingly, the assignment of error in the bill of exceptions relating to the oral objection, as well as the general grounds and special ground 17 of the motion for a new trial, are without merit. The evidence here shows the defendant and the juveniles to be coconspirators, even to the extent that this defendant participated in the actual burglaries by driving the boys in her car to a point near the building broken into and waiting for them to return after stealing the money.

7. Special grounds 8 through 14 complain of testimony of the

principals to the effect that they had used a part of the money which they stole and gave to her to drive them around, take them to juke joints, buy them beer and whisky, and that during the course of these activities each of them had had sexual intercourse with her. The testimony related to acts performed during the existence of the criminal enterprise (a series of 15 or 20 burglaries extending over several weeks) and were admissible to show a motive for the offenses on the part of the juveniles and method on the part of the defendant by which she kept and maintained an influence over them. The testimony was accordingly properly admitted.

8. While the court did not read to the jury verbatim the language of Code § 26-602 defining an accessory before the fact, he did read them the indictment (which charged the defendant in the language of this Code section), and instructed them that "the charge in this indictment is accessory before the fact of burglary." In the absence of request for further instructions, the court sufficiently defined the offense for which the defendant was on trial. Special ground 15 is without merit.

9. Where, as here, the evidence clearly shows a breaking as well as an entering, it is not error in the absence of request to fail to charge the law of larceny from the house. *Tarver* v. *State*, 95 *Ga.* 222 (3) (21 S. E. 381); *Bloodworth* v. *State*, 9 *Ga. App.* 161 (2) (70 S. E. 892); *Lewis* v. *State*, 46 *Ga. App.* 59 (166 S. E. 446).

The trial court did not err in denying the motion for new trial.
*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED APRIL 11, 1957.

*Blount & Gibson*, for plaintiff in error.
*Dewey Hayes, Solicitor-General*, contra.