22951. MILLHOLLAN v. THE STATE.

ARGUED MAY 10, 1965—DECIDED JULY 12, 1965.

*Marson G. Dunaway, Jr.,* for plaintiff in error.
*Dan Winn, Solicitor General, John T. Perren,* contra.

GRICE, Justice. The issue here is whether an indictment for indecent molestation of a child was subject to the demurrers and motion to quash lodged against it. The indictment, returned by the grand jury of Polk County against Jimmy Millhollan and others, was held sufficient by the superior court of that county. Error is assigned upon that judgment.

The indictment, in material part, charged that Millhollan, who is the defendant here, and two other indictees, "hereafter re-

ferred to as the accused," on a named date, took and attempted to take immoral, improper and indecent liberties with a named child under fourteen years of age, "with intent of arousing, appealing to, and gratifying the lust and passions and sexual desires of said defendant and did commit a lewd and lascivious act upon and with the body and a part and member thereof of said child with intent of arousing, appealing to and gratifying the lust and passions and sexual desires of said defendant, said acts being that accused did force . . . [the child's] head onto the male organ of said defendant and did force his head at the said male organ, and did force him to come in contact with said male organ and did take said child into a certain old coal house in the yard of home in which . . . [another indictee] lived for the purpose of taking said immoral, improper and indecent liberties with said child, with intention of committing said lewd and lascivious acts with the body and members thereof of said child. . ."

Since some of the numerous grounds of demurrer and motion to quash raise common questions, they will be treated together wherever possible for the sake of clarity and brevity.

■ It is contended that the indictment is void because it is based upon evidence illegally obtained from the defendant at a time when he was denied the right and benefit of counsel. It is further contended that the indictment charges different persons and different offenses without the grand jury hearing testimony in each case separately. Neither of these matters appears upon the face of the indictment, and thus neither demurrer nor motion to quash is a proper method of attack. See *Jackson v. State*, 64 Ga. 344, 346-347.

■ It is asserted that the indictment is void for misjoinder in that it charges separate and distinct offenses in one count, to wit, those embodied in Sections 1 and 2 of Georgia Laws 1950, pages 387, 388.

. Those sections provide as follows: "[Section 1.] Any person who shall take, or attempt to take any immoral, improper, of [sic] indecent liberties with any child of either sex, under the age of sixteen years, with intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, or who

shall commit, or attempt to commit, any lewd or lascivious act upon or with the body, or any part or member thereof, of such child, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child shall be imprisoned in a penitentiary, not less than one year nor more than five years.

"Section 2. Any such person who shall, in the State of Georgia, take any such child or shall entice, allure, or persuade any such child, to any place whatever for the purpose either of taking any such immoral, improper, or indecent liberties with such child, with said intent or of committing any such lewd, or lascivious act upon or with the body, or any part or member thereof, of such child with said intent, shall be imprisoned in the penitentiary not less than one year nor more than five years."

In 1953 this statute was amended so as to reduce the age from 16 years to 14 years and to increase the maximum penalties from five years to 20 years. Ga. L. 1953, Nov. Sess., pp. 408, 409. Except for these changes the 1950 Act was left intact.

The objection of misjoinder cannot be sustained. This statute forbidding the taking of immoral or improper or indecent liberties with a child provides several ways in which it may be violated, not repugnant to each other. The indictment here charges violation of the statute in several of these ways. Under these circumstances they may be joined in one count in the same indictment. "Where an offense may be committed in one of several ways not repugnant to each other, a count is not double because it charges that the act was done in several of the ways prohibited by the statute." *Cody v. State,* 118 Ga. 784 (1) (45 SE 622). See also, *Heath v. State,* 91 Ga. 126 (16 SE 657); West, Ga. Digest, Indictment and Information, § 125 (19).

■ It is urged that the indictment is void because the statute upon which it is predicated violates Art. III, Sec. VII, Par. VIII of the Georgia Constitution (*Code Ann.* § 2-1908) in stated particulars.

(a) It is first asserted that the statute refers to more than one subject matter in that it embraces three crimes, to wit: (1) taking or attempting to take immoral, improper or indecent liberties with a child, (2) committing or attempting to commit

a lewd or lascivious act upon a child, and (3) taking, enticing, alluring, or persuading a child to any place for the purpose of committing or attempting to commit either of such acts.

The import of the constitutional provision sought to be invoked here was well stated in *Hines v. Etheridge*, 173 Ga. 870, 876 (162 SE 113): "[It] was intended to stop the vicious practice of joining in one act incongruous and unrelated matters. As long as the parts of a statute have a natural connection and reasonably relate, directly or indirectly, to one general and legitimate subject of legislation, the act is not open to the objection of plurality of subject matter, within the meaning of this provision of the constitution. This is so no matter how extensively or minutely it deals with the details looking to the accomplishing of the main legislative purpose."

Here, the subject of the legislation is the taking or attempting to take immoral, improper, or indecent liberties with children. All of the provisions of this statute, including those pointed out by the demurrant, naturally connect and reasonably relate to that subject. Hence this legislation is not open to the objection of plurality of subject matter.

(b)  It is also asserted that the statute contains matter different from what is expressed in its title. Reliance is placed upon the portion of section 1 as to the commission or attempted commission of any lewd or lascivious act and the penalty therefor, and upon section 2 which provides punishment for taking, enticing, alluring, or persuading a child to any place for the purposes declared criminal.

This objection is not meritorious.

The title of the 1950 Act is as follows: "An Act to make it a criminal offense for any person to take, or attempt to take any immoral, improper or indecent liberties with a child of either sex, under the age of 16 years; to provide penalties for violation of this Act; to repeal all laws in conflict herewith; and for other purposes." The title of the 1953 amendatory Act recites as follows: "An Act to amend an Act approved February 17, 1950 (Ga. Laws 1950, pp. 387, 388), entitled . . . [quoting the title] so as to reduce the age from sixteen years to fourteen years, and to increase the maximum penalties provided in said Act from five years to twenty years; to repeal conflicting laws and for other purposes."

Where, as here, the title contains the words "and for other purposes," the body of the Act may incorporate any provision that is incidental or germane to the main objective as indicated by the title. See *Harris v. State*, 191 Ga. 243, 249-250 (12 SE2d 64); *Eubanks v. State*, 217 Ga. 588, 589 (124 SE2d 269). The language of section 1 relied upon as being different from the title is but an elaboration of taking or attempting to take "any immoral, improper or indecent liberties with a child . . ." as stated in the title. The provision in section 2 of punishment for taking, enticing, alluring or persuading a child to a place for the prohibited purposes is certainly incidental or germane to the main objective and purpose indicated by the title.

■ It is also insisted that the indictment is void because the statute fails to define "immoral, improper or indecent liberties with a child," or "lewd or lascivious act upon the body or any part or member thereof of such child," and therefore enforcement of the statute would violate the due process clauses of the Georgia and United States Constitutions. *Code Ann.* § 2-103; *Code* § 1-815.

We cannot agree with this contention. Due process does not require that this statute, with its beneficent purpose, spell out in exact words what constitutes the conduct made punishable.

In *Fowler v. State*, 189 Ga. 733 (8 SE2d 77), this court dealt with a statute (*Code* § 26-6101) making criminal "open lewdness or any notorious act of public indecency tending to debauch the morals. . ." That language was upheld against the attack that it did not define what was meant by an "act of public indecency" and the defendant was therefore not put on notice as to the nature of the crime charged.

In the related cases of Roth v. United States and Alberts v. California, 354 U.S. 476, 491-492 (77 SC 1304, 1 LE2d 1498), the Supreme Court of the United States upheld two statutes, one Federal and the other California, against the attack, among others, that they violated due process because they did not provide reasonably ascertainable standards of guilt. The Federal statute proscribed the mailing of material which is "obscene, lewd, lascivious or filthy . . . or other publications of an indecent character." The California statute made criminal the keeping for sale or advertising of material that is "obscene or

indecent." The Supreme Court observed that it "has consistently held that lack of precision is not itself offensive to the requirements of due process," and quoted from one of its earlier cases that "The Constitution does not require impossible standards," but only that the language "conveys sufficiently definite meaning as to the proscribed conduct when measured by common understanding and practices. . ."

The above authorities are similar in principle and accord with our view that the statute here does not violate due process.

■ The indictment as a whole and in specified portions is attacked as being vague, indefinite and ambiguous.

(a) It is contended that for these reasons the indictment fails to charge the defendant with the indecent molestation of a child or any other offense. However, the indictment follows the language of the statute and amply specifies the acts charged. This contention is not meritorious.

(b) The various attacks made upon designated parts of the indictment as being vague, indefinite and ambiguous have been carefully considered and cannot be sustained.

(c) The defendant complains that the indictment, returned against him and two others, fails to charge him by name with the commission of an offense but refers to the defendants by use of the singular "defendant," and accordingly it is impossible to learn from the indictment which of the defendants is charged with any act. He also complains that the indictment does not enable him to prepare his defense in that it does not appear whether he is accused of taking indecent liberties with the child or of taking him into the described place for that purpose.

These complaints are not valid. The charges are in the language of the statute and specifically allege what acts were done. The indictment charges each indictee with those acts by expressly designating all the indictees as "the accused," and thereinafter referring to them as "the accused" and "said defendant." Here the singular includes the plural and that usage could not have prejudiced this defendant in the preparation of his defense. See in this connection, *Code* § 102-102 (4); *Brooks v. Hartsfield Co.*, 56 Ga. App. 184 (4) (192 SE 459).

Since the indictment was not subject to any of the grounds of

demurrer and motion to quash, the trial court properly overruled and denied them.

Judgment affirmed. All the Justices concur.