## 46402. McKINNON v. THE STATE.

JORDAN, Presiding Judge. The defendant was tried for murder, convicted of voluntary manslaughter, and sentenced to 5 years in the penitentiary. An appeal was filed and the case is here for review. *Held:*

1. The trial judge in his instructions to the jury made the following statement: "I charge you that the law does not require one to retreat to avoid the commission of a felony upon his person, but he is justified under the law in using such force as may be necessary to repel such a felonious assault. Strike that last sentence, Mr. Reporter. I withdraw that from the charge."

We find no error requiring a reversal. The judge had charged the following requests of the defendant relating to his justification in repelling an assault upon him by the deceased, as follows:

"The fact that the defendant was out with the deceased's wife would afford no legal justification for the deceased making a felonious assault upon the defendant, and under such circumstances the defendant would be justified in using such force as would be necessary to defend himself against the deceased, provided that the defendant reasonably believed that such force was necessary to prevent death or great bodily injury to himself.

"To kill deliberately in revenge for past injuries or wrong, however heinous, cannot be justified; and if you find that the deceased was making or attempting to make a felonious attack upon the person of the defendant for such purpose, then the defendant would be justified in using such force as was necessary under the circumstances to prevent death or great bodily harm to himself.

"If you believe that the defendant did fire the fatal bullet at the time and place alleged in the indictment, but you believe that he was justified under one or more principles of law given you in charge, or that he did so in defense of his life or of his person against a felonious assault sought to be inflicted upon him by the deceased, then it would be your duty to acquit."

The above quoted portions of the charge amply and adequately covered this phase of the defense. The sentence stricken by the

court was merely cumulative and repetitious and was not subject to the complaint that it was confusing and misleading to the jury.

The case of *Central of Ga. R. Co. v. Ray,* 133 Ga. 126 (65 SE 281) deals with the withdrawal of a portion of the charge that was *erroneous.* It is not contended here that the sentence withdrawn was an erroneous charge.

2. Enumeration of error number 2 complains of the overruling of the defendant's motion to quash the indictment on several grounds. The record is silent as to what evidence, if any, was offered in support of the motion. The indictment is in the record, and appears to be proper in form and substance.

3. Enumeration of error number 5 complains of the charge to the effect that where the killing is proved to be the act of the defendant the burden is then upon him to justify or mitigate the homicide. This enumeration is without merit. See *Fisher v. State,* 228 Ga. 100 (184 SE2d 156).

4. The charge on voluntary manslaughter was authorized under the facts of this case. The verdict was authorized by the evidence.

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, Deen and Whitman, JJ., concur. Pannell, Quillian, and Evans, JJ., dissent.*

ARGUED JUNE 29, 1971—DECIDED OCTOBER 8, 1971—
REHEARING DENIED NOVEMBER 12, 1971.

*J. Laddie Boatright,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.

PANNELL, Judge, dissenting. The enumeration of error dealt with in Division 1 of the opinion is as follows: "The court erred in failing and refusing to give in its charge to the jury, the first paragraph of appellant's request, numbered nine (9) (R-14) which is as follows:

'I charge you further that the law does not require one to retreat to avoid the commission of a felony upon a person, but he is justified under the law in using such force as may be necessary to repel such a felonious assault.'

"And then by instructing the jury, and the court reporter, in the jury's presence, as follows: (T. 88).

'I charge you that the law does not require one to retreat to avoid the commission of a felony upon his person, but he is justified under the law in using such force as may be necessary to repel such a felonious assault. Strike that last sentence, Mr. Reporter, I withdraw that from the charge.'"

As I construe this enumeration of error, it is primarily an exception to the failure to give the request to charge. It is my opinion that the trial court erred in failing to give this request. It is also my opinion that the rule, often applied, that there is no error in failing to give a request to charge where the principle requested is amply stated in the general charge, has no application here for the very reason that the giving of the request and then immediately withdrawing it in the presence of the jury was not only a *failure* to give the request to charge, but was also tantamount to instructing the jury that the charge requested was not applicable to the case. We are not here concerned with a mere failure of give a request to charge. The charge requested was a correct charge and should have been given without a withdrawal.

QUILLIAN, Judge, dissenting. Following the charge referred to in Division 1 of the majority opinion, the trial judge stated: "Strike that last sentence, Mr. Reporter. I withdraw that from the charge." While the judge told the court reporter that he was withdrawing the charge he failed to instruct the jury whether they should consider that portion of the charge. This action would be confusing to the jury and was error. *Central of Ga. R. Co. v. Ray,* 133 Ga. 126 (65 SE 281).

I am authorized to state that Judge Evans concurs in this dissent.