## 51744. BASKIN v. THE STATE.

PANNELL, Presiding Judge.

Appellant was convicted of selling marijuana. He appeals the judgment of conviction and sentence.

The record shows that appellant and Leslie Altman were indicted for selling marijuana on April 12, 1975. On April 26, 1975, a "Notice of Appearance, Demand for Copy of Indictment, and Demand for List of Witnesses," was filed on behalf of both defendants and was signed by John Carpenter and George Hoyt, attorneys for the defendants. This demand did not indicate which defendant was represented by which attorney. However, the criminal docket of Bacon Superior Court listed George Hoyt as attorney for Leslie Altman and John Carpenter as attorney for defendant Baskin, the appellant.

The record indicates that the defendants waived formal arraignment through attorney George Hoyt on May 30, 1975. The criminal docket also shows that attorneys for the defendants were furnished a copy of the indictment on May 26, 1975, and a list of the witnesses was furnished attorney George L. Hoyt.

Attorney John Carpenter filed a motion to quash and a motion to dismiss the indictment on May 28, 1975. This motion was signed by "John S. Carpenter, Attorney for Defendants." A hearing on the motion was held on May 30, 1975. After hearing argument by counsel for the defendants, and on behalf of the state, the court found that the motion was without merit and overruled same.

Upon the trial of the case on June 3, 1975, appellant's attorney of record, Mr. Carpenter, objected to any further proceedings before appellant was provided a "formal arraignment." The trial judge stated that appellant had been properly arraigned and proceeded with the trial of the case.

1. Appellant urges error in the trial court's proceeding to trial over defense counsel's objection that no

formal arraignment had been held. Appellant argues that only he or his counsel of record, Mr. Carpenter, could waive arraignment. He claims that Mr. Hoyt, the attorney of record for the co-defendant Leslie Altman, had no authority to enter a waiver of formal arraignment for appellant. Appellant contends that he never waived formal arraignment, and therefore no issue for trial was ever legally formed upon the indictment.

Although the record does not show that appellant or his attorney of record, Mr. Carpenter, did expressly waive formal arraignment, it does show that Mr. Carpenter filed a motion to quash or dismiss the indictment. "A defendant can not demur to an indictment, as this defendant is shown to have done, and then claim, as he does, that he has never been arraigned or afforded an opportunity to plead, for he pleaded to the merits when he presented the issue of law; and although that plea was put in without his being formally arraigned, he had a right to waive arraignment, and by his conduct did waive it. When he waived it to present his issue of law, the waiver was good as to his issue of fact." *Kincade v. State,* 14 Ga. App. 544, 547 (81 SE 910). A motion to quash an indictment is essentially the same as a demurrer thereto. *Walker v. State,* 73 Ga. App. 20, 22 (1) (35 SE2d 391). It follows that appellant waived formal arraignment when he moved to quash or dismiss the indictment.

2. Appellant urges error in the court's proceeding to trial without disposing of his motion to quash the indictment. See *Birt v. State,* 127 Ga. App. 532 (194 SE2d 335). Appellant contends that the trial court erred in allowing Mr. Hoyt to argue the motion to quash and in not permitting appellant's attorney of record to argue the motion.

The record does not support appellant's contentions. It shows that the court did dispose of the motion to quash. The trial judge heard arguments "by counsel for the defendants and on behalf of the state." He then de-termined that the motion was without merit and overruled same.

The criminal docket shows that George Hoyt argued the motion for the defendants. However, there is nothing in the record which shows that appellant's attorney of

record, Mr. Carpenter, was denied an opportunity to argue this or any other motion.

It follows that appellant's second enumeration of error is without merit.

3. Appellant urges error in the trial court's overruling his motion for new trial. The issues presented in the motion for new trial *and* argued by appellant on appeal were decided adversely to appellant in Divisions 1 and 2 of this opinion.

*Judgment affirmed. Evans and Marshall, JJ., concur.*

ARGUED FEBRUARY 3, 1976 — DECIDED FEBRUARY 13, 1976 — REHEARING DENIED MARCH 5, 1976 — 

*John S. Carpenter,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.