*General,* for appellee.

## 31493. JACKSON v. THE STATE.

JORDAN, Justice.

Appellant was tried by a jury and convicted of armed robbery and sentenced to 20 years confinement.

1. The trial court did not err in denying appellant's motion to quash the indictment based on the contention that he was incarcerated on the date of the crime alleged in the indictment. *Millhollan v. State,* 221 Ga. 165 (1) (143 SE2d 730) (1965).

2. The trial court properly allowed evidence to be presented which showed the crime to have been committed on a date other than that alleged in the indictment, but within the statute of limitation and prior to the date of the indictment. *Carmichael v. State,* 228 Ga. 834, 837 (188 SE2d 495) (1972); *Gravitt v. State,* 220 Ga. 781, 783 (141 SE2d 893) (1965).

3. Appellant claims that he was required, over his objection, to strike the jury while dressed in a prisoner's uniform. The record reveals that the "coveralls" worn by appellant had no markings on them to indicate that they were prison garb. See Estelle v. Williams, —— U. S. —— (96 SC 1691, 48 LE2d 126) (1976). Furthermore, on the trial of the case appellant refused to wear civilian clothes which were provided. There is no error in trying a defendant in prison garb if he makes no objection. Estelle v. Williams, supra. Thus, even if the clothes *had* been identifiable prison garb, any error in requiring him to strike the jury in such clothes would have been rendered harmless by appellant's subsequent decision to wear the clothes at trial.

4. The fifth and sixth enumerations deal with the trial court's refusal to give two charges requested in writing by appellant.

One request to charge dealt with the dangers of mistaken identification of an accused. The court fully charged the jury on the necessity of proof beyond a reasonable doubt. There is no requirement that a judge

give a charge such as the one requested here. There was no error in refusing to give this charge. See *Allanson v. State,* 235 Ga. 584 (6) (221 SE2d 3) (1975), cert. den., ——U. S.—— (96 SC 1670, 48 LE2d 178) (1976); and *Young v. State,* 226 Ga. 553, 557 (176 SE2d 52) (1970).

The other request to charge was not relevant to any issue before the jury and thus there was no error in refusing the charge.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 3, 1976 — DECIDED OCTOBER 5, 1976 — REHEARING DENIED OCTOBER 19, 1976.

*Langstaff, Campbell & Plowden, William L. Swan,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.