57322. FINLEY et al. v. GRISWOLD.

QUILLIAN, Presiding Judge.

The plaintiffs, Mr. and Mrs. Finley, appeal from a jury verdict for the defendant. Plaintiffs' automobile, being driven by Mrs. Finley, was struck in the rear by defendant's automobile. She alleges she suffered

disabling injuries, and incurred medical and hospital bills, loss of wages, damages to her car, pain and mental anguish, and will require "medication for an unforeseeable period" in the future. Her husband sued for loss of "consortium and services." Both parties were insured by Allstate. The complaint alleged medical expenses of $1,788.08. Allstate paid plaintiffs $1,719.28. The complaint alleged damages to the car of $427 and $105 for loss of use. Allstate paid $434.27 for damages to the car and $72.80 for loss of use. The complaint alleged lost wages to be $1,626.20. Allstate paid plaintiff $980.04. The jury found for the defendant and plaintiffs bring this appeal. *Held:*

1. Plaintiffs contend the trial court erred in denying their motion for directed verdict and motion for judgment notwithstanding the verdict. We do not agree. Mrs. Finley testified that she made a left turn off Stewart Avenue onto Cleveland and was then hit from the rear by Mrs. Griswold. She walked across the street and called the police and waited with Mrs. Griswold until the police arrived. She stated that she told the police officer she was injured and would go to the hospital to get a check-up. She drove her car to the hospital after the investigation was completed. She estimated her speed at the time of impact at "ten to fifteen miles an hour." She had estimated her speed in a prior deposition at twenty-five to thirty m.p.h. She estimated Mrs. Griswold's speed at "thirty to thirty-five miles an hour." On cross examination she was asked: "Did you see her prior to the time you were hit? A. No, I did not . . . Q. Was there a car immediately in front of you? A. Yes. Q. Was it stopped? A. I think it was making a turn. Q. Making a turn in front of you was it not? A. Not immediately in front of me, but down in front of me, yes, it was making a turn . . . Q. But you still were within just a few feet of the intersection weren't you? . . . A. Maybe three or four [car lengths] I guess, I am not sure."

Contrary to the plaintiff's testimony the defendant testified: "She [the plaintiff] did not [tell the police officer she was hurt]. She said she was going to the hospital "to be checked." Neither did Mrs. Finley advise the defendant she had been injured although they sat in her car and

talked while waiting for the police to arrive. Mrs. Griswold was driving a Mazda — a compact automobile. Mrs. Finley was driving a 1975 Ford Granada — an intermediate car. Mrs. Griswold stated that she also made a left turn off Stewart onto Cleveland, was still "in low gear, pushed the clutch in and made the turn and was in the process of changing gears — when the accident happened." She estimated that she had been driving "no faster than ten or fifteen miles an hour" before she braked, and "five miles per hour" at the time of the accident. "It looked like she [the plaintiff] was stopping, I did not see her brake lights, but I could tell the traffic had stopped, and I hit my brakes and started to try to turn to the right to keep from hitting her." Mrs. Griswold stated that the force of the impact "was light." It did not "jar . . . or hurt [her] in any way."

The plaintiff's and defendant's version of the incident were clearly in conflict. Plaintiff said the traffic was "immediately" in front of her and then stated it was not. She said that the traffic had not stopped. The defendant stated the traffic had stopped and Mrs. Finley's car showed no brake light. Plaintiff estimated defendant's car speed at 30 or 35 m.p.h. although she also testified she had not seen her prior to the incident. She estimated her speed at 10 to 15 m.p.h. at one time and 25 to 30 m.p.h. at an earlier time.

Where the evidence is in conflict in a rear-end collision case it is not error to deny a directed verdict or judgment n.o.v. *O'Neil v. Moore,* 118 Ga. App. 424 (3) (164 SE2d 328); *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 424 (3) (224 SE2d 25). She said that the traffic had not stopped. The defendant stated the traffic had stopped.

2. The investigating police officer did not respond to a subpoena and plaintiff requested a continuance. The court inquired: "Well, is there anything ah, I presume he is going to testify about his investigation is there anything ah, material that he could contribute to the case?" Counsel for plaintiff responded: "No, ah other than the investigation and ah, that he conducted on the site of the accident, that would be all, the fact that there was an investigation and there is nothing unusual." The request for a continuance was denied.

In his appellate brief counsel for plaintiff elaborated on what the officer would have said to corroborate the plaintiff and contradict the defendant. Under Code Ann. § 81-1410 (Ga. L. 1959, p. 342), the facts expected to be proved by the missing witness are to be made to the court. The burden is on the appellant when alleging error, to show it affirmatively by the record. The brief cannot be used in lieu of the record or the transcript for adding evidence to support a claim of error. *Lowery v. Horn,* 147 Ga. App. 880 (251 SE2d 840). The trial court was led to believe the missing witness had little to contribute but cumulative evidence. Further, the plaintiff did not meet the requirements of Code Ann. § 81-1410, which would justify a continuance because of an absent witness. There is no merit in this enumeration.

3. Plaintiffs allege error in the failure of the court to give their written requests to charge. Under Code Ann. § 70-207 (b) (Ga. L. 1965, pp. 18, 31; as amended through 1968, pp. 1072, 1078), no party may complain of the failure to give an instruction, unless "at the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may present to the court written requests that it instruct the jury on the law as set forth therein."

In the instant case the trial court stated that "the requests to charge were submitted the day the trial began and this is not in accordance with the requirement of both the pre-trial order and also the order as enunciated [sic] the calendar, which was published." The plaintiff specifically directed that the court's "Pretrial Order dated February 16, 1978" not be included in the record. In the absence of evidence in the record we must assume the court's ruling was as stated and supported by his earlier orders. The Code grants the trial court this discretion and in the absence of a showing to the contrary — in the record, we will not presume he abused his discretion. *Interstate Security Police, Inc. v. C & S Emory Bank,* 237 Ga. 37 (226 SE2d 583).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED MARCH 12, 1979 — DECIDED APRIL 13, 1979.

*Bussey & Thomas, Antonio L. Thomas,* for appellants.

*Webb, Fowler & Tanner, W. Howard Fowler, J. Larry Edmondson,* for appellee.