72867. RILEY v. THE STATE.
(349 SE2d 274)

BIRDSONG, Presiding Judge.
Nelson Riley, Jr., the defendant, filed his notice of appeal to this

court from the judgment of conviction and sentence entered on February 14, 1986, for the offense of escape from lawful confinement. The record and transcript are remarkable for the absence of information surrounding the offenses for which the accused was indicted and convicted. Defendant's brief contains an exposition of facts to which the State has agreed, thereby consenting to a decision of this case upon the facts stated. Rule 15 (b) (1), Georgia Court of Appeals.

The indictment charges defendant with the theft of a Ford truck following his escape from the Colquitt County Correctional Institute while serving a sentence for prior convictions for burglary and theft. Riley entered a plea of guilty to the escape count and the count alleging theft was nol prossed. After his return to confinement following his escape, defendant says he was appointed counsel but met with his attorney only once and never saw him again. He contends a detainer was not filed with the Department of Corrections, but admits the district attorney filed a letter with the Department advising them there was an outstanding warrant for Riley's arrest and the State intended to prosecute him. On his release from Reidsville, Riley was taken to Colquitt County for prosecution. His previously appointed attorney was relieved and another counsel was appointed in his place. A Motion to Dismiss Indictment was filed and hearing held in the Grand Jury Room on January 29, 1986. Apparently, because of the small size of the Grand Jury Room, prisoners were detained in the hallway outside the Grand Jury Room. When defendant's case was called, his counsel requested that Riley be brought before the court. "THE COURT: You can wait [for Riley] if you want to, but if you do you're going to have waived this motion. [COUNSEL]: No, Your Honor, I don't want to waive the motion." For reasons kept within the breast of the trial court and incomprehensible to this court considering the immediate presence and availability of the defendant, the hearing on this motion, and other motions presented by counsel at that time, proceeded without the presence of the defendant. Thereafter, defendant entered his plea of guilty to the offense of escape from lawful confinement. He brings this appeal. *Held*:

1. The absence of defendant from his pretrial hearing on his counsel's motions is enumerated as error. Our Supreme Court has emphasized, in numerous opinions, the basic constitutional right "of a person accused of crime in this State to be present at all stages of his trial. . . ." *Gilreath v. State,* 247 Ga. 814, 824 (279 SE2d 650). Not even defendant's counsel has the authority to waive his presence during his absence, except by "express authority, or [if his absence is] subsequently acquiesced in by him." (Emphasis deleted.) *State v. Phillips,* 247 Ga. 246, 248 (275 SE2d 323); see also *Wilson v. State,* 212 Ga. 73 (90 SE2d 557). Further, the trial court erred by intimating that counsel would "have waived this motion" if he insisted on the

presence of the defendant. "Waiver" is the voluntary relinquishment of a known right. *Brady v. United States,* 397 U. S. 742, 748 (90 SC 1463, 25 LE2d 747). The threatened forfeiture of this constitutional right of accused's presence scarcely can be said to have been "voluntary" on the part of the defendant's counsel.

The U. S. Supreme Court has addressed this issue, in pragmatic fashion, and held that a "defendant has the privilege under the Fourteenth Amendment to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge. . . . Nowhere in the decisions of this court is there a dictum, and still less a ruling, that the Fourteenth Amendment assures the privilege of presence when presence would be useless, or the benefit but a shadow. . . . So far as the Fourteenth Amendment is concerned, the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Snyder v. Massachusetts,* 291 U. S. 97, 105-108 (54 SC 330, 78 LE 674). Hence, the general right of a defendant to be present during his trial is circumscribed by the corollary caveat that there is no reversible error unless his absence thwarts a fair and just trial. For this reason, the general rule is that the presence of a defendant is not essential at preliminary pretrial motions (*United States v. Lewis,* 420 F2d 686 (5th Cir. 1970); cf. *Keen v. State,* 164 Ga. App. 81 (3) (296 SE2d 91)), and post-trial motions (*Dobbs v. State,* 245 Ga. 208 (2) (264 SE2d 18); *Reid v. State,* 119 Ga. App. 368 (1) (166 SE2d 900)), which involve only issues of law. See generally 23 CJS 895, Crim. L., § 974 (b); 21A AmJur2d 375, Crim. L., § 911; Annot. 85 ALR2d 1111; Annot. 23 ALR4th 955.

We must also note that counsel acquiesced in the ruling of the trial court and placed no objection to the procedure adopted. The failure to make timely and specific objection at trial may be treated as waiver. *Seabrooks v. State,* 251 Ga. 564, 567 (308 SE2d 160); *Davis v. State,* 135 Ga. App. 203 (2) (217 SE2d 343). A party cannot acquiesce in the ruling of the trial court and then object on appeal. *Whisnant v. State,* 178 Ga. App. 742, 744 (344 SE2d 536). In the absence of objection, acquiesence in the court's ruling, and this court's finding that the hearing which was not attended by the defendant involved pure questions of law, the defendant's absence did not thwart a fair and just hearing on this matter. While we do not approve of the exclusion of the defendant at the apparent whim of the trial court, under the circumstances of this case, as augmented by appellant's counsel's acquiesence in the action, we find no reversible error. Any error was harmless beyond a reasonable doubt. *LaRue v. State,* 137 Ga. App. 762, 764 (224 SE2d 837).

2. Defendant contends he was "deprived of effective assistance of

counsel. . . ." This issue was not litigated in the trial court and we will not consider its merits when raised for the first time on appeal. *Elliott v. State,* 253 Ga. 417 (2) (b) (320 SE2d 361); *Williams v. State,* 251 Ga. 749 (20) (312 SE2d 40); *Brown v. State,* 251 Ga. 598 (3) (308 SE2d 182).

3. The trial court's denial of defendant's Motion to Dismiss Indictment is enumerated as error. The basis for the motion is an allegation that the State failed to file a detainer with the Department of Corrections and more than two terms of court have passed without disposing of defendant's indictment. Included within this motion is a claim that defendant has been deprived of his right to a speedy trial. Since these issues were raised together in the trial court, we will consider them together on appeal.

Although the defendant alleges the State did not file a detainer, the State says it did. This issue was not developed at trial, but defendant's admission in his brief that the district attorney filed a letter with the Department of Corrections stating there was an outstanding warrant for the defendant, and the State intended to prosecute, substantially complied with the codal definition of a "detainer." OCGA § 42-6-1 (3). The Code Chapter (OCGA Ch. 42-6) which controls detainers does not require the filing of a detainer, but only states what action is required by an inmate if a detainer is filed. To invoke the codal requirement that "an inmate . . . shall be brought to trial within two terms of court" after its filing, it is mandatory that the inmate "has caused to be delivered to the prosecuting officer [filing the detainer] and the clerk of the appropriate court . . . written notice of the place of his imprisonment and his request that a final disposition be made of [his] indictment or accusation. . . ." OCGA § 42-6-3 (a). The defendant freely admitted to the trial court that he made no demand for a speedy trial or disposition of his indictment to the appropriate authorities. The trial court denied defendant's motion to dismiss the indictment. The included issue of lack of a speedy trial was neither raised nor ruled upon by the trial court, and we will not consider it here for the first time. The statute relied upon by defendant was never actuated by a demand for trial. There are some prisoners who do not want a speedy trial on an outstanding indictment, while they are serving a period of confinement for another offense, but raise the issue on appeal solely for the purpose of alleging error. See *Hall v. Hopper,* 234 Ga. 625, 628 (216 SE2d 839). We find no merit to these enumerations.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur in judgment only.*

DECIDED SEPTEMBER 24, 1986.

Charles M. Stines, for appellant.

H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney, Michael J. Bowers, Attorney General, for appellee.