76398. SMITH v. THE STATE.
(373 SE2d 800)

McMURRAY, Presiding Judge.

Defendant was convicted of the offenses of driving under the influence and failing to stop at the scene of an accident. This appeal followed. *Held*:

1. Defendant contends the trial court erred in denying his motion to suppress evidence. In this regard, he argues that he was arrested without a warrant illegally and that evidence obtained follow-

ing his arrest was tainted and inadmissible.

These facts were adduced at the motion to suppress hearing: On March 15, 1986, at 1:30 a.m., the Swainsboro police were summoned to investigate a hit and run accident which occurred in the parking lot of a bar. Within a few minutes, Officer Swafford arrived at the scene. A witness told the officer that he saw defendant leave the bar, get into his automobile, back it into another vehicle and leave without stopping. Inspecting the vehicle which remained in the parking lot, Officer Swafford observed that it was damaged on the right side. In the officer's words, "the passenger door was caved in."

The witness identified defendant as "Mr. Smith that lives out Smith's Trailer Park." He informed the officer that defendant was driving a yellow Buick Skylark and that he was heading toward the trailer park when he left. That "kind of rang a bell" with Officer Swafford.

Soon another officer, Corporal Washington, joined Officer Swafford at the parking lot. Together, they proceeded to Smith's Trailer Park where they spotted a yellow Skylark. They noticed that the rear bumper of the Skylark was damaged. Officer Swafford approached the car and placed her hand on the hood — it was warm. Upon close inspection, the officer found paint on the bumper. The paint matched the color of the vehicle which Officer Swafford examined in the parking lot of the bar.

The Skylark was parked in a driveway near a trailer. (Defendant did not live in the trailer but his cousin did. He lived in another trailer.) The officers went up to the trailer and knocked on the door. Defendant's cousin answered and the police asked for "Mr. Smith." Defendant came to the door and the police asked him to step outside. Defendant came out on the porch. "He was staggering, his speech was extremely slurred, he was cursing, he was belligerent."

The police asked to see defendant's driver's license. Using profanity, defendant replied that he did not have to show them his driver's license. Continuing in a profane vein, defendant refused to talk with the police. At that point, defendant was arrested and placed in a patrol car. The time was 1:55 a.m.

Defendant was taken to jail. There, he was advised of his implied consent rights. He refused to submit to a blood alcohol test.

"The state has the burden of proving the lawfulness of appellant's warrantless arrest. Adams v. State, 153 Ga. App. 41 (264 SE2d 532) (1980)." Bodiford v. State, 169 Ga. App. 760 (315 SE2d 274). To determine whether the State has carried its burden, we must look to federal law. "An arrest and search, legal under federal law, are legal under state law." Durden v. State, 250 Ga. 325, 326 (1), 327 (297 SE2d 237). Accord State v. Wilson, 179 Ga. App. 334, 336 (346 SE2d 111).

"[A]n arrest is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense." *Durden v. State*, 250 Ga. 325, 326 (1), supra. We think the facts and circumstances within the knowledge of Officers Swafford and Washington were sufficient to establish probable cause for defendant's arrest. The totality of the circumstances would have led a prudent man to believe that defendant committed the offense of driving under the influence and the offense of failing to stop at the scene of an accident. *Waits v. State*, 172 Ga. App. 524 (1) (323 SE2d 624); *State v. Greene*, 178 Ga. App. 875 (1) (344 SE2d 771).

Since the officers had probable cause to believe that defendant committed the offense of driving under the influence and the offense of failing to stop at the scene of an accident, his arrest, outside his home, was constitutionally permissible. *Mincey v. State*, 251 Ga. 255, 261 (304 SE2d 882). Compare *Welsh v. Wisconsin*, 466 U. S. 740 (104 SC 2091, 80 LE2d 732). Accordingly, the trial court did not err in denying defendant's motion to suppress evidence obtained following his arrest.

2. At the close of the State's case, defendant's attorney moved for a mistrial on the ground that defendant was not given a *Miranda* [*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)] warning at the time of his arrest. The motion was overruled by the trial court and defendant assigns error upon the trial court's ruling. This assignment of error is not meritorious. See *White v. State*, 146 Ga. App. 620, 621 (3) (247 SE2d 203).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 15, 1988 —
REHEARING DENIED SEPTEMBER 28, 1988.

*Robert J. Duffy, Dwight T. Feemster*, for appellant.
*John R. Thompson, Solicitor*, for appellee.