A89A0031. THE STATE v. O'QUINN.
(384 SE2d 888)

BIRDSONG, Judge.

The State of Georgia appeals from the grant of appellee's motion to quash the indictment against him. The record does not contain any written motion to quash. The transcript reveals that appellee, Randall L. O'Quinn, during a pre-trial hearing, made an oral motion "to quash the indictment." We are unsure of the grounds, but they appear to be "an issue . . . involving law enforcement officers of Mr. Moreland's D.O.T.—Department of Transportation. There's a question of their authority to make the initial stop in this case. . . ." No evidence was presented. Each counsel stated to the court what he

thought the evidence would show. The court advised counsel: "Because I don't know what the facts are. Just submit a little brief on it, and send the District Attorney a copy of it. And you just respond to his brief, and you can set out what the facts were, and whatever you contend that the facts are, I'll accept. That don't mean they're true, but I'll accept them for the purpose of this motion." The trial court granted the motion to quash and the State brings this appeal. *Held*:

1. The State enumerates as error the grant of appellee's motion to quash the indictment. At the outset we must notice the potential for chaos an appellate court faces in situations such as the instant appeal because of the current absence of an adequate statutory code of criminal procedure. Appellee made a non-statutory motion to address an issue not procedurally proper, according to case precedent. Because of the absence of a criminal code of procedure, such non-statutory motions do not always receive the same treatment. See generally *Bramblett v. State*, 239 Ga. 336, 337 (236 SE2d 580).

On appeal, each party argues in his brief what the facts of this case show. Naturally they are not in agreement. Secondly, we have no evidence in the record to which we can refer to determine the actual facts, or which of the parties' recitations represent the more accurate account. It is a sound rule of appellate practice that " ' "[t]he burden is always on the appellant in asserting error to show it affirmatively by the record." [Cits.]' 'The brief cannot serve in the place of the record or the transcript for the purpose of demonstrating error or for supporting a claim of error.' " *Lowery v. Horn*, 147 Ga. App. 880 (251 SE2d 840); accord *Finley v. Griswold*, 149 Ga. App. 612, 615 (255 SE2d 87). In the instant appeal there is a total lack of evidence to show what occurred at the time of the commission of these offenses. For example, we cannot determine whether a "citizen's arrest" occurred (OCGA § 17-4-60), whether or not the DOT "enforcement officers" observed a criminal offense (i.e., DUI, OCGA § 40-6-391; or OCGA §§ 40-6-50; 40-6-51; 40-6-52), or a violation of a statute coming under D.O.T. jurisdiction (i.e., OCGA § 32-6-1). This defect, however, does not prevent this court from reaching a decision on the merits of the enumerated error.

2. Appellee presented an oral motion to quash the indictment. "A motion to quash an indictment is merely a demurrer thereto, and an indictment is not demurrable for matters of fact dehors the pleadings and the record." *Walker v. State*, 73 Ga. App. 20, 21 (35 SE2d 391); accord *Felker* v. *State*, 172 Ga. App. 492 (323 SE2d 817), U. S. cert. den. 471 U. S. 1102. "An indictment may be quashed only for matters appearing on its face." *Mitchell v. State*, 225 Ga. 656 (1) (171 SE2d 140); *McDonald v. State*, 222 Ga. 596, 597 (3) (a) (151 SE2d 121); *Burke v. State*, 116 Ga. App. 753, 754 (2) (159 SE2d 176). "Since demurrers and motions to quash do not reach matters not appearing

upon the face of an indictment, no question is raised here [by information disclosed by counsel] as to the validity of the indictment." *Millhollan v. State*, 221 Ga. 165 (1) (143 SE2d 730). The indictment is in the record and is in proper form and substance, and is not subject to a motion to quash. See *McKinnon v. State*, 124 Ga. App. 821, 822 (2) (186 SE2d 315).

Furthermore, "[e]xceptions which go merely to the form of an indictment must be made by *motion to quash*, or demurrer *in writing*, before pleading to the merits. An indictment may be *quashed on oral motion* for any defect *for which the judgment on it should be arrested.*" (Emphasis supplied.) *Gilmore v. State*, 118 Ga. 299 (1) (45 SE 226); see also OCGA § 17-7-111. A motion in arrest of judgment lies "for any defect not amendable which appears on the face of the record or pleadings." OCGA § 17-9-61. " 'Where an indictment is not on its face so defective that a motion in arrest of judgment would lie, an objection to it must be in writing (cit.). An oral objection, being ineffective for its purpose, is the equivalent of none at all, and, if no other action be taken, a waiver results.' " *Curtis v. State*, 102 Ga. App. 790, 792 (118 SE2d 264); accord *Gilmore*, supra; *Sheppard v. State*, 95 Ga. App. 507, 508 (3) (98 SE2d 169).

Appellee's oral motion to quash was ineffective for the purpose offered.

*Judgment reversed. Deen, P. J., McMurray, P. J., Banke, P. J., Pope and Beasley, JJ., concur. Carley, C. J., concurs in Division 2 and in judgment. Sognier, J., concurs in judgment only. Benham, J., dissents.*

BENHAM, Judge, dissenting.

1. In my view, the State has failed to present sufficient grounds to warrant reversal of the trial court's order quashing the indictment. As the majority opinion points out, the motion to quash was apparently premised upon the question of the DOT officers' authority to make the initial stop of appellee's automobile, but no evidence was presented to show what actually occurred at that time and no facts were stipulated. OCGA § 32-6-29 (a) (12) empowers DOT to appoint enforcement officers who, in addition to their powers to enforce specific licensing and fuel tax registration requirements, shall have the power to "protect any life or property when the circumstances demand action." However, the State failed to show that appellee was engaged in a statutory activity concerning which the DOT officers had any specified powers to make arrest, nor did it submit any proof that the officers were acting to protect any life or property. Further, as recognized by the majority, there was no evidence to show whether a citizen's arrest was made pursuant to OCGA § 17-4-60 or if the DOT officers observed a criminal offense taking place. If a criminal offense

was committed, it must be shown that a "reasonable articulable ground" existed to make a warrantless arrest, and each case depends on its own facts. See *State v. Hodges*, 184 Ga. App. 21 (360 SE2d 903) (1987); *Tarwid v. State*, 184 Ga. App. 853 (1) (363 SE2d 63) (1987).

" 'The [S]tate has the burden of proving the lawfulness of [appellee's] warrantless arrest. [Cits.]' " *Smith v. State*, 188 Ga. App. 574, 575 (373 SE2d 800) (1988). " 'We will not presume error from a silent record. [The State had] the burden of showing error affirmatively by the record and this burden [was] not discharged by recitations in the brief. [Cits.]' " *Williams v. State*, 188 Ga. App. 496 (3) (373 SE2d 281) (1988). Accord *In re Holly*, 188 Ga. App. 202 (372 SE2d 479) (1988).

2. I am also concerned with the majority's overruling of the trial court's order granting appellee's motion to quash the indictment on the ground that such motions must be in writing. The transcript of a pretrial hearing which is before us on appeal reveals that defense counsel sought permission at the outset to file a written motion to quash the indictment accompanied by a brief. After hearing arguments of counsel in regard to the merits of this motion, i.e., the DOT officers' authority to stop appellee's car, the trial court agreed to allow both parties to submit briefs contending what the facts were, which the court would accept as true "for the purpose of this motion." The prosecutor made no objection to this ruling. Defense counsel submitted a memorandum of law in support of appellee's motion to quash, with two supplemental additions, but the record does not show that the State filed anything in response.

The order appealed from by the State recites as follows: "Defendant having filed a motion to quash indictment and the Court having considered the briefs of law and all other matters properly of record in said case, . . . said Indictment is hereby dismissed." The State likewise raised no objection to the form or content of this order; on appeal it argues only that the trial court had sufficient evidence before it to find that the DOT enforcement officers were acting in the performance of their statutory duties and authorized to stop appellee when they encountered him driving in a reckless and dangerous manner that threatened the safety of persons and property. Thus it is clear that insofar as the form of the motion to quash is concerned, the State "acquiesced in the ruling of the trial court and placed no objection to the procedure adopted. The failure to make timely and specific objection at trial may be treated as waiver. [Cits.]" *Riley v. State*, 180 Ga. App. 409, 411 (349 SE2d 274) (1986). Accord *In the Interest of J. L. Y.*, 184 Ga. App. 254 (3) (361 SE2d 246) (1987).

The issue of whether the motion to quash was required to be in writing was first raised and considered sua sponte by the majority as a basis for reversing the order granting it. I cannot agree that this

court can properly transform a possible error that has been waived into a ground for reversal. " 'The duty of the appellate court is to correct errors alleged to have been made in the trial court. . . .' [Cits.]" *Tandy Corp. v. McCrimmon*, 183 Ga. App. 744, 747 (360 SE2d 70) (1987).

For the reasons stated, I respectfully dissent.

DECIDED JUNE 30, 1989 —
REHEARING DENIED JULY 17, 1989 — 

*Harry D. Dixon, Jr., District Attorney, Margaret M. Edwards, Assistant District Attorney, for appellant.*
*C. Deen Strickland, for appellee.*