## 52906. ROBERTS v. THE STATE.

SMITH, Judge.

The defendant was convicted of selling cocaine and was sentenced to five years. He appeals the judgment of conviction and sentence.

A detective with the South Metropolitan Narcotics Squad testified that he and an informant drove to an Atlanta fire station on October 23, 1975 and picked up the defendant, Roberts. The defendant directed the detective and the informant to drive to the top of a hill near the station. Roberts then pulled out a foil packet containing cocaine and handed it to the detective; he stated that the price of the cocaine was $250. The detective paid this amount to the defendant and drove him back to the fire station.

The defendant denied that he sold the cocaine to the

detective. He testified that a Mr. Gonsalves came to the fire station on the morning of October 22, 1975, and asked him to hold a foil package. The defendant held the package for Gonsalves, but he said that he did not know what the package contained. Later that same day, Gonsalves returned with another man. The defendant got into the car with the two men and gave the package back to Gonsalves. Gonsalves then handed the defendant $250 which the defendant carried back to the fire station. He said that he gave the money back to Gonsalves in the bathroom of the station. The defendant did not know why he was given the $250 to hold; but he speculated that Gonsalves may have wanted the detective to think that the package belonged to him (the defendant).

1. Appellant urges error in the court's charge on entrapment. He contends that the trial court failed to specifically place the burden of proof on the state as to the defense of entrapment. See generally *State v. Moore,* 237 Ga. 269 (227 SE2d 241). " 'The defendant who interposes an entrapment defense may not controvert the allegations of the indictment. . .In asserting an entrapment defense, . . . accused admits the commission of the offense while denying that he was inclined to commit the offense before the intervention of the law enforcement agent. The accused must choose, therefore, where the evidence may present a case of entrapment, whether to assert the entrapment defense, thereby admitting the other elements of the crime.' *Reed v. State,* 130 Ga. App. 659, 661 (204 SE2d 335)." *Zinn v. State,* 134 Ga. App. 51, 52 (213 SE2d 156).

Here the defendant in his sworn testimony denied committing the offense of selling cocaine. In this state, it is not reversible error to refuse to submit the issue of entrapment to the jury if the accused denies that he committed the offense. *McKibben v. State,* 115 Ga. App. 598, 600 (155 SE2d 449). We find that the defendant received a beneficial charge on entrapment to which he was not entitled under the evidence. Accordingly, any error in the court's charge on entrapment was harmless.

2. Defense counsel brought a man (Gonsalves) into the courtroom and asked the witness, Detective Graham, if this was the man who was driving the car when the

alleged drug sale took place. The state objected; the trial judge ruled that a police officer was not required to identify his informant.

Even if this ruling was error, there has been no harm shown in the exclusion of this testimony. The defendant testified that he knew the man who drove the car and identified him as Mr. Gonsalves. Another witness for the defense also identified the driver as Gonsalves. Accordingly, there was no harm in the court's not allowing the detective to identify Gonsalves as his driver.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 5, 1976 — DECIDED OCTOBER 18, 1976.

*Stanley H. Nylen,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.