## 65056. WILLIAMS v. THE STATE.

BANKE, Judge.

The defendant was convicted of first-degree forgery. The evidence showed that an order clerk at Rich's received a telephone order for merchandise to be charged to a credit card belonging to one William Green, Jr. This credit card had been reported stolen during a burglary. The caller requested that the merchandise be delivered to 869 Drummond Street in Atlanta. The security manager at Rich's set up a delivery of the merchandise to that address. Steve Harris, an employee of the First National Bank of Atlanta assigned to a Georiga Bureau of Investigation task force on credit card forgeries, was designated to deliver the merchandise and was provided a Rich's van and jacket for that purpose. The defendant came to the door at 869 Drummond Street, identified himself as William Green and signed the sales receipt "William Green, Jr." The forgery indictment alleges that the defendant "did utter and deliver said sales ticket to Rich's, a division of Federated Department Stores, Inc., located at 45 Broad Street, S.W., with intent to defraud the said William Green, Jr., and Richs . . ." *Held:*

1. The defendant contends that the state failed to present evidence to support an allegation in the indictment to the effect that "a writing was presented to Rich's, a department store," since the evidence showed that Steve Harris received the sales ticket rather than Rich's. We disagree. The jury was authorized to find from the evidence that Steve Harris was acting as an agent for Rich's, and the trial court adequately instructed the jury in this regard.

2. The defendant contends that the trial court "erred in demonstrating bias against appellant's counsel through unjustified and inappropriate criticism of counsel's conduct." The criticism at issue occurred during the cross-examination of a state's witness, when the trial judge rebuked counsel for making a statement and standing too close to the witness. "Where the trial judge is alleged to have made a prejudicial remark . . . during the course of the trial . . . an objection or motion for mistrial must be made in order to preserve the issue for appeal. [Cits.] Although the appellant made no such objection or motion in this case, we have nevertheless examined the judge's comments and have determined that they were not prejudicial." *Thomas v. State,* 158 Ga. App. 97 (2) (279 SE2d 335) (1981).

3. Error is enumerated in the trial court's refusal to permit the defendant to have a police officer designated a hostile witness so that he could be called as a witness for cross-examination. Such a matter is one properly within the discretion of the court. See Code Ann. § 38-1706. It was not shown that the witness was hostile; moreover, it appears from the record that counsel was allowed to ask leading questions substantially identical to the question he complains was not permitted. We find no error.

4. Next, the defendant contends that his motion for directed verdict, based on the defense of entrapment, should have been granted. A directed verdict of acquittal based on entrapment is proper only when the evidence demands a finding of entrapment. See generally Code Ann. § 27-1802. In the case before us, there was no evidence at all that the defendant was entrapped. The defendant testified that he signed the charge slip because asked to do so by his girl friend, who resided at the address where the merchandise was delivered. The defendant's attack on the court's charge on entrapment is also without merit, as the charge, though gratuitous based on the evidence presented, was a correct statement of the principle involved. See *Rucker v. State,* 135 Ga. App. 468 (3) (218 SE2d 146) (1975); also see *Roberts v. State,* 140 Ga. App. 21, 22 (230 SE2d 84) (1976).

5. Finally, defendant contends that the court's charge concerning intent to defraud was erroneous. The charge authorized the jury to infer intent if they found "beyond a reasonable doubt that the defendant knew that . . . [the charge slip] . . . was made in the name of another and uttered and passed or tendered it as genuine . . ." with such knowledge. The charge was proper and in no sense burden-shifting. See *Rittenberry v. State,* 155 Ga. App. 213 (2) (270 SE2d 379) (1980).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 29, 1982.

*James W. Howard,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Chris Jensen, Assistant District Attorneys,* for appellee.