## 67835. HARPER v. THE STATE.

BENHAM, Judge.

Appellant was convicted of two counts of armed robbery. On appeal, his sole enumeration of error is that the trial court erred in explaining to the jury out of the presence of defense counsel the purpose of a Jackson-Denno hearing. Appellant alleges that the explanation constituted an expression of the court's opinion as to the voluntariness of appellant's statement, in violation of OCGA § 17-8-55.

Appellant was permitted to represent himself at trial with the assistance of John O. Ellis, a public defender. The trial transcript reflects that, upon the return of the jury to the courtroom following the Jackson-Denno hearing, the following transpired: "The Court: Ladies and gentlemen, I want you to know why it took so long to do what we had to do. We have to go into a hearing prior to him [the detective who took appellant's statement] testifying as to any statement. Ms. King: I am going to call Ellis. The Court: The law requires us to have a hearing. We refer to it as a Jackson-Denno hearing, because we have to have a hearing to determine whether or not it was freely and voluntarily given. And before we rule on it, we have to hear evidence in the case, and it must be heard out of the presence of the jury. I didn't want to keep you tied up in that room for 30 or 40 minutes, while we heard the Jackson-Denno hearing, and that was the reason that we kept you out. I want you to know that, because the jurors want to know these things. All right, you may proceed."

OCGA § 17-8-55 provides that "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to ex-

press or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." "The question of whether [OCGA § 17-8-55] has been violated is not reached unless an objection or motion for mistrial is made." *State v. Griffin,* 240 Ga. 470 (241 SE2d 230) (1978). In light of the circumstances of this case, we will examine the offending remark despite the fact that no objection or motion for mistrial was made at trial. See *Williams v. State,* 164 Ga. App. 562 (2) (298 SE2d 282) (1982); *Thomas v. State,* 158 Ga. App. 97 (2) (279 SE2d 335) (1981).

"The inhibition of [OCGA § 17-8-55] forbids the judge to express an opinion as to what has been proved or as to the guilt of the accused. The explanation of [the purpose of a Jackson-Denno hearing] falls in neither of these categories. It was at most an explanatory remark, of a kind which has frequently been held not to be harmful . . . [Cits.]" *Hendricks v. State,* 157 Ga. App. 715 (1) (278 SE2d 453) (1981). Since the trial court's remark did not violate OCGA § 17-8-55, it is not necessary to reverse appellant's conviction. Compare *Hamilton v. State,* 91 Ga. App. 299 (3) (85 SE2d 557) (1954).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 22, 1984.

*John O. Ellis, Jr., Lawrence L. Schneider,* for appellant.
*Robert E. Wilson, District Attorney, Robert M. Coker, Michael M. Sheffield, Assistant District Attorneys,* for appellee.