### 69274. LEDFORD v. THE STATE.
(326 SE2d 819)

BENHAM, Judge.

Jerry Ledford was convicted of violating the Georgia Controlled Substances Act and sentenced to 10 years in the penitentiary to run consecutive to his previous drug-related sentence of 15 years.

1. Appellant contends that the evidence was insufficient to support the verdict of guilty. The jury was authorized to find that on August 19, 1983, an informant introduced an undercover agent for the GBI to appellant, who sold the agent one pound of marijuana for $300 and offered to sell him some sinsemilla marijuana which he would harvest in the fall. Based on this testimony a jury found the defendant guilty.

"It is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict after it has been rendered. [Cits.] Under the facts of this case, we are satisfied that any rational trier of fact reasonably could have found proof of the essential elements of the crime charged beyond reasonable doubt. [Cits.]" *Laws v. State*, 153 Ga. App. 166, 167 (264 SE2d 700) (1980). Therefore, we find no merit in defendant's first enumeration of error.

2. Appellant enumerates as error the trial court's admission of evidence as to another offense which took place subsequent to the offense for which he was being tried.

"We begin with the general rule that in the trial of a crime, evidence of other criminal acts by the defendant is inadmissible as it tends to place the defendant's character into evidence. [Cits.] However, exceptions to the rule have developed over the years so that now there are times that evidence of other crimes committed by the defendant can be admitted for limited purposes.

" '(B)efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct.' [Cits.]" *State v.*

*Johnson,* 246 Ga. 654, 655 (272 SE2d 321) (1980).

The evidence as to the other transaction shows that the marijuana sale took place in an adjoining county between appellant and another undercover agent who made contact with appellant on several occasions during September 1983, less than a month after this incident. On September 21, 1983, the agent purchased approximately four pounds of sinsemilla marijuana from appellant, who stated that it had been recently harvested. Appellant was found guilty of the offense in Union Superior Court. We find that the proximity in time, place, and transaction meets the test authorized in *State v. Johnson,* supra. The fact that the similar transaction occurred subsequent to the incident for which appellant was being tried does not bar its use. See *McGee v. State,* 165 Ga. App. 423 (4) (299 SE2d 573) (1983). Accordingly, appellant's second enumeration of error is meritless.

3. Appellant also contends that the trial court erred in not charging the jury as to entrapment. A careful and judicious reading of the transcript shows not only that appellant denied selling the marijuana on August 19, 1983, but that he even denied being present at the time of the transaction. The case law is abundant that a prerequisite to entitlement to a charge on entrapment is the admission by the defendant of the commission of the offense, and absent such an admission a charge on entrapment is unwarranted. *Roberts v. State,* 140 Ga. App. 21 (1) (230 SE2d 84) (1976). Hence, appellant was not entitled to such a jury charge.

4. Lastly, appellant contends that it was error for the jury to be furnished a transcript of tape-recorded conversations between the undercover agent and appellant so that they could read along as the tape was played in court. This matter has been decided adversely to appellant in *Brooks v. State,* 141 Ga. App. 725 (9) (234 SE2d 541) (1977). We therefore find that the last enumeration of error is without merit.

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 8, 1985.

*Claude S. Beck,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.