### 74177. WILLIAMS v. THE STATE.
(358 SE2d 914)

POPE, Judge.

Douglas Williams brings this appeal from his convictions of armed robbery and possession of a firearm in the commission of a felony. *Held*:

1. In his first enumeration of error defendant contends the trial court's ruling that he could not proceed pro se deprived him of his Sixth Amendment right of self-representation. *Faretta v. California*, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975). Under the circumstances of the present case, we find no error.

The record shows that defendant, although represented by counsel, sought to make rather lengthy statements to the trial court almost from the beginning of the proceedings in the case sub judice. After the second outburst of this nature, the trial court asked defendant if he intended to try the case or if he intended to allow his counsel to try the case. After defendant responded that he wanted his counsel to try the case, the court cautioned the defendant concerning his disruptive behavior and advised him to speak through his attorney. However, during the opening remarks of the State, defendant again interrupted the proceedings and requested that he be allowed to leave the courtroom. The court again admonished the defendant and, after discussion between the court and the defendant, the defendant moved to represent himself with his attorney present to "coach me as [to] the matters of law." Defendant stated that he was motivated to move for self-representation because of his belief that his counsel did not believe him and that this doubt would subconsciously hinder counsel's efforts to represent him. After further discussion the court denied defendant's motion and ordered defendant removed from the courtroom, advising him that he could return when he agreed to refrain from further disruptive behavior. The record shows that at the close of the first day of proceedings the defendant was invited to return to the courtroom if he could conduct himself

properly. Defendant responded that he would like the trial to continue, and that he believed he could conduct himself in the proper manner.

When the trial was resumed the following morning, defendant stated through his attorney that he was displeased with his attorney's representation of him and again sought permission to represent himself. The court again denied defendant's request and held that the defendant could not properly represent himself. Lastly, the record shows that the following day defendant sought the court's permission to apologize to his attorney for his earlier remarks, and that he stated that he was satisfied with the attorney's services, and that his attorney was a "fine, fine lawyer and a fine man."

" 'In determining whether or not an accused has adequately waived his right to counsel and elected to exercise his constitutional right to represent himself, the courts will apply the standard set forth in *Johnson v. Zerbst*, 304 U. S. 458 (58 SC 1019, 82 LE 1461) (1937). . . . *Taylor v. Ricketts*, 239 Ga. 501 (238 SE2d 52) (1977), applied the *Johnson v. Zerbst* standard that "(a) waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, supra at 464.' " *McCook v. State*, 178 Ga. App. 276 (342 SE2d 757) (1986); see also *Lazenby v. State*, 181 Ga. App. 854 (1) (354 SE2d 196) (1987); *Bradley v. State*, 135 Ga. App. 865 (1) (219 SE2d 451) (1975). From our review of the record in the present case, particularly the conduct of the accused, we are convinced that defendant's actions in constantly disrupting the proceedings, including his repeated arguments for self-representation, were dilatory tactics calculated to disrupt the proceedings against him, accord *Williams v. State*, 169 Ga. App. 812 (315 SE2d 42) (1984), and hence the trial court's refusal to allow defendant to proceed pro se does not constitute reversible error. We also find compelling defendant's subsequent apology to the court for his earlier outbursts and his statement on the record that he was satisfied with the manner in which his attorney was representing him. "A party cannot acquiesce in the ruling of the trial court and then object on appeal. [Cit.]" *Riley v. State*, 180 Ga. App. 409, 411 (349 SE2d 274) (1986). Lastly, we also find that defendant's subsequent affirmation of his belief in the ability of his counsel to provide adequate representation renders any error in the trial court's initial ruling harmless beyond a reasonable doubt. See, e.g., *Riley*, supra at 411; see generally *LaRue v. State*, 137 Ga. App. 762 (2) (224 SE2d 837) (1976).

2. Defendant also contends that the trial court expressed or inti-

mated an opinion concerning the guilt of the accused in violation of OCGA § 17-8-57 when it ordered that the defendant be removed from the courtroom because of his disruptive behavior and then explained defendant's absence to the jury as follows: "The [c]ourt felt that in order to see that everyone received a fair trial and that the court dignity would not be disrupted because of the behavior of the defendant, the defendant has been ordered to be removed from the courtroom until we can make some further arrangements."

"[A] defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom. . . . [T]here are at least three constitutionally permissible ways for a trial judge to handle an obstreperous defendant . . . : (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly." *Illinois v. Allen*, 397 U. S. 337, 343-44 (90 SC 1057, 25 LE2d 353) (1970). We are convinced by our review of the record that defendant in the present case was disorderly, disruptive and made it exceedingly difficult to carry on the trial. Accordingly, the trial court did not err in ejecting defendant from the courtroom.

Likewise, the trial court did not err in attempting to explain defendant's absence to the jury. Pretermitting the question of whether defendant failed to preserve this issue for review by failing to move for a mistrial contemporaneously with the behavior complained of on appeal, *Parrish v. State*, 182 Ga. App. 247 (3) (355 SE2d 682) (1987); *Keri v. State*, 179 Ga. App. 664 (6) (347 SE2d 236) (1986), we have examined the court's statement and find no merit to defendant's contention that it constituted an expression or intimation of the court's opinion as to the guilt of the accused. *Parrish*, supra at 248; *Lee v. State*, 166 Ga. App. 644 (3) (305 SE2d 175) (1983); *Williams v. State*, 164 Ga. App. 562 (2) (298 SE2d 282) (1982).

3. Defendant also contends that the trial court's refusal to subpoena certain additional witnesses, all of whom were either incarcerated or employed at the Fulton County jail, denied his right of compulsory process. The record shows that the trial court was informed of defendant's desire to subpoena these allegedly material witnesses on the second day of trial and that although the defendant did not request a continuance, it would have been necessary to delay the trial in order to secure the presence of these additional witnesses. Hence, we find the trial court did not err by denying the defendant's untimely request. *Eady v. State*, 129 Ga. App. 656 (1) (200 SE2d 767) (1973).

4. Defendant also enumerates as error the testimony of one of the arresting officers concerning certain oral statements made by the

defendant. We note, however, that contrary to defendant's argument on appeal, the officer offered no opinion as to his belief as to which of the statements given by the defendant was the more truthful. Moreover, the record also shows that no objection to the officer's testimony concerning the defendant's oral statements was made at trial. It is well established that objections to evidence cannot be raised for the first time on appeal. *Oyler v. State*, 175 Ga. App. 486 (2) (333 SE2d 690) (1985); *Skinner v. State*, 155 Ga. App. 754 (272 SE2d 570) (1980). Therefore, this enumeration is without merit.

5. Lastly, defendant argues that the trial court erred in denying his motion for mistrial based on the State's prejudicial conduct in asking a witness if he remembered a question asked during the preliminary hearing concerning a theft by receiving charge that was later dismissed against the defendant. The trial court agreed with defendant that the State's conduct was impermissible, but rather than granting the defendant's motion, instructed the jury to disregard the question, which was not answered, because defendant was not on trial for that crime and further there was no evidence that the gun involved in the crime charged was stolen. "A trial court has broad discretion in ruling on a motion for a mistrial, and this court will not disturb the trial court's ruling in the absence of a manifest abuse of discretion and a mistrial is essential to preserve a defendant's right to a fair trial. [Cits.] Under the circumstances present here we find no abuse of discretion." *Edge v. State*, 178 Ga. App. 717 (344 SE2d 517) (1986); see also *Dawson v. State*, 183 Ga. App. 94 (1) (357 SE2d 891) (1987).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 18, 1987.

*Drew Dubrin, Rise H. Weathersby,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Chris Jensen, Assistant District Attorneys,* for appellee.