A90A0056. ROSS v. THE STATE.
(391 SE2d 653)

BIRDSONG, Judge.

Alphonso E. Ross appeals his conviction for two counts of aggravated child molestation. On appeal he complains that the trial court advised the jury it would hear the testimony of the two children to "make a determination whether . . . their testimony should be submitted to you. . . . [I]n cases like this, I have to make the first determination whether or not I think that you should be allowed to receive the evidence."

Appellant complains this statement amounted to a comment on the credibility of the child witnesses and tended to influence the judgment of the jury on that point. *Held*:

Appellant misrepresents the statement made to the jury by the trial court, by omitting most of it. Having said what we quoted above, the trial court then immediately said: "But I want to make it clear that you, in the last analysis, determine what weight and credit to give to the testimony of any witness, whether it's the girls or whether it's some other witness for the prosecution; whether it's a defendant or a defendant's witnesses; in other words, you determine what weight and credit in the final analysis to give to a witness' testimony. But in cases like this, I have to make the first determination whether or not I think that you should be allowed to receive the evidence. But as I say, that's not a decision as to weight and credit. Weight and credit will be determined by you. You can believe a witness in whole or in part or not believe them. I'll give you that [c]harge later on, so you don't

have to worry about it right now, but that's what we're going to do right now, and I wanted to explain to you why you are being held up a little bit."

Examining the trial court's comments in toto, we find therefore the trial court did not in the first place inappropriately make a comment on the witnesses' credibility misleading or influencing the jury. This case is distinguishable from *Dean v. State*, 168 Ga. App. 172, 174 (308 SE2d 434), cited by appellant. Moreover, if there was any chance for misunderstanding, the trial court removed it by the further instructions given to the jury regarding their function in determining evidentiary weight and witness credibility. Appellant has failed to carry his burden to show error by the record. *Sanders v. State*, 188 Ga. App. 774 (374 SE2d 542). The explanation itself generally was not error. *Harper v. State*, 171 Ga. App. 57 (318 SE2d 787).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 7, 1990 —
REHEARING DENIED MARCH 5, 1990.

*John D. McCord III*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, J. Thomas Morgan, Assistant District Attorneys*, for appellee.