309 Ga. 823
FINAL COPY

S20A1186.  WALLACE v. THE STATE.

BLACKWELL, Justice.

Antonio Quandell Wallace was tried by a Ware County jury and convicted of the murder of Leroy O'Hara. Wallace appeals, claiming that the evidence is insufficient to sustain his conviction, that the trial court erred when it denied his motion for new trial on the general grounds, and that he was denied the effective assistance of counsel. We see no merit in these claims, and we affirm.[1]

1. Viewed in the light most favorable to the verdict, the evidence presented at trial shows that Wallace and his brother went

---

[1] In December 2009, a grand jury indicted Wallace, charging him with murder with malice aforethought and two counts of murder in the commission of a felony (aggravated assault and aggravated battery). Wallace was tried in January 2011, and the jury acquitted him of malice murder but found him guilty on both counts of felony murder. The trial court sentenced Wallace to imprisonment for life for murder in the commission of an aggravated assault, and the other count of felony murder was vacated by operation of law. See Stewart v. State, 299 Ga. 622, 627 (3) (791 SE2d 61) (2016). Wallace filed a motion for new trial in February 2011, and after a hearing, the trial court denied his motion in February 2019. Wallace timely filed a notice of appeal, and his appeal was docketed to the August 2020 term of this Court and submitted for decision on the briefs.

to Yogi's gas station on the evening of October 6, 2009. While his brother pumped gas into their car, Wallace went inside the gas station to buy something. When Wallace walked out of the store, he saw O'Hara in the parking lot. Wallace approached O'Hara, and the men began to argue about money. The argument escalated into a shoving match and eventually a fight. After several hits, O'Hara fell to the ground. Several witnesses testified that, as O'Hara lay on the pavement, Wallace repeatedly hit and kicked him about the head. At some point, after he was on the ground, O'Hara pulled out a pocket knife, but he did not use it. Wallace left O'Hara lying on the ground, bleeding from his mouth and head.

Police officers and emergency personnel responded to the scene shortly after the incident, and O'Hara was taken to a hospital, where he died five days later. The medical examiner concluded that O'Hara died of blunt force trauma to the head, and he noted that O'Hara sustained at least two blows from a blunt object. Given the location of the injuries, the medical examiner found it unlikely that they were caused by O'Hara striking his head on the ground when he fell.

Wallace argues that the evidence is insufficient to sustain his conviction because the witnesses who testified at trial that Wallace kicked O'Hara after he fell to the ground did so only after they were confronted with prior statements they had given to law enforcement. Moreover, he notes that the State's expert could not say definitively that the cause of death was Wallace striking O'Hara about the head, as opposed to O'Hara hitting his head on the ground. Although there may have been some conflicts in the evidence and questions about the credibility of witnesses, it was for the jury, not this Court, to resolve those conflicts and questions. See Lawton v. State, 281 Ga. 459, 463 (4) (640 SE2d 14) (2007). And although the medical examiner could not say definitively that O'Hara's injuries were a result of blows struck by Wallace, he stated that it was highly unlikely that the injuries were caused by a fall. Viewed in the light most favorable to the verdict, the evidence presented at trial was sufficient as a matter of constitutional due process to authorize a rational jury to find beyond a reasonable doubt that Wallace was guilty of murder in the commission of an aggravated assault. See

<u>Jackson v. Virginia</u>, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. Wallace contends that the trial court erred when it denied his motion for new trial on the general grounds because the verdict, he says, was strongly against the weight of the evidence. But as we have explained before, "this Court does not sit as an arbiter of the general grounds, which are solely within the discretion of the trial court." <u>Strother v. State</u>, 305 Ga. 838, 843 (3) (828 SE2d 327) (2019) (citation and punctuation omitted). This claim of error is without merit.

3. Wallace also contends that he was denied the effective assistance of counsel when his lawyer failed to object to the admission at trial of a recording of an out-of-court statement given by his brother to investigating officers. To prevail on his claim of ineffective assistance, Wallace must establish that the performance of his lawyer was constitutionally deficient and that he was prejudiced by this deficient performance. See <u>Strickland v. Washington</u>, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674)

(1984). To prove that the performance of his lawyer was deficient, Wallace must show that his lawyer performed his duties at trial in an objectively unreasonable way, considering all the circumstances and in the light of prevailing professional norms. See id. at 687-688 (III) (A). See also <u>Kimmelman v. Morrison</u>, 477 U. S. 365, 381 (II) (C) (106 SCt 2574, 91 LE2d 305) (1986). And to prove that he was prejudiced by the performance of his lawyer, Wallace must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U. S. at 694 (III) (B). This burden is a heavy one, see <u>Kimmelman</u>, 477 U. S. at 382 (II) (C), and Wallace has failed to carry it.

On the recording, Wallace's brother says (among many other things) that Wallace surrendered himself to police officers six or seven days after the incident and that, when he surrendered, he was accompanied by a lawyer. Wallace argues that no reasonable attorney would have "allowed the jury to hear that his Client was

not arrested for six days after the alleged acts" occurred and that no reasonable attorney would have failed to object to evidence that a lawyer was involved with his client's surrender. Wallace posits that such testimony prejudiced him and changed the outcome of the trial.

Assuming for the sake of argument that Wallace's lawyer should have objected to the recorded statements about Wallace's surrender, we conclude that Wallace has failed to show that the admission of this evidence prejudiced him. The fact that Wallace retained counsel and surrendered to police officers several days after the incident does not strike us as especially incriminating. At the same time, the evidence of Wallace's guilt was strong. There was no question that Wallace and O'Hara were fighting around the time O'Hara sustained the injuries that led to his death, multiple witnesses testified that Wallace kicked and beat O'Hara after he fell to the ground, and the medical examiner testified that the cause of O'Hara's death was blunt force trauma to his head. Because he has failed to show prejudice, Wallace cannot establish that he was denied the effective assistance of counsel. See Gibbs v. State, 303

Ga. 681, 682-683 (1) (813 SE2d 393) (2018).

Judgment affirmed. All the Justices concur, except Boggs, J., disqualified.

Decided September 8, 2020.

Murder. Ware Superior Court. Before Judge Gillis.

*T. Craig Head, Jr.*, for appellant.

*George E. Barnhill, District Attorney, Michelle C. McIntire, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General*, for appellee.