NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: May 6, 2025

S25A0416. WALLACE v. STATE.

WARREN, Presiding Justice.

Antonio Wallace, who was convicted of felony murder in 2011 and has a pending habeas case, seeks original copies of autopsy photographs that were collected as part of the criminal case against him. After he requested these photographs under the Open Records Act and the District Attorney refused to provide them, he filed a motion seeking disclosure in the superior court where he was convicted.

OCGA § 45-16-27 (d) excludes autopsy photographs from required disclosure under the Open Records Act, OCGA § 50-18-70, et seq., with a few exceptions, including if the disclosure is for "medical purposes" or is "in the public interest." Wallace argues that his request for autopsy photographs fits within these two exceptions.

The trial court found those arguments unconvincing and denied his motion. We affirm the trial court's order.

1. In January 2011, Wallace was convicted of felony murder in Ware County. This Court affirmed his conviction in 2020. See *Wallace v. State*, 309 Ga. 823, 823 (848 SE2d 72) (2020). Wallace asserts that in December 2021, he filed a habeas corpus petition in Wheeler County that is still pending. In August 2024, Wallace filed in his criminal case a "motion for limited disclosure of original trial exhibits," requesting "an order permitting the limited disclosure of the state's original autopsy evidence, particularly photos from the autopsy, to Dr. Jan Gorniak."

In his motion, Wallace asserted the following facts. At his trial for felony murder, evidence was presented that the autopsy of the victim was conducted in Florida by a medical examiner licensed in Florida. In preparing his habeas petition, Wallace retained the services of Dr. Jan Gorniak, the former Chief Medical Examiner of Fulton County. Wallace asked Dr. Gorniak to review the victim's autopsy because Wallace believed that his trial counsel may have

2

been ineffective by failing to argue that the autopsy was improper because it was not completed by a medical examiner licensed in Georgia.

Dr. Gorniak asked to see the original autopsy photographs because "the copies provided in discovery and in Wallace's copy of the trial exhibits were blurry" and in "black and white." Wallace's counsel filed "a request to review the District Attorney's file under the Open Records Act," and included a request that the District Attorney's office send the original autopsy photographs to Dr. Gorniak. The District Attorney's office "declined to make the materials available" to Dr. Gorniak, citing OCGA § 45-16-27 (d), which, with a few exceptions, exempts autopsy photographs from required disclosure under the Open Records Act. Wallace argued that his requested disclosure fits within exceptions in OCGA § 45-16-27 (d) that allow for disclosure of autopsy photographs if the requested disclosure is for "medical purposes" or "in the public interest."

On September 18, 2024, the trial court held a hearing on

3

Wallace's motion. Wallace's counsel argued that Dr. Gorniak's review of the autopsy photographs was necessary to establish prejudice for a claim of ineffective assistance of counsel for failing to object to the autopsy. The victim's sister testified that the victim died in a hospital in Florida and that his family opposed disclosure of the autopsy photographs. The trial court denied Wallace's motion. Wallace now appeals, raising the same arguments he did in the trial court.

2. Wallace seeks the autopsy photographs under the Open Records Act, OCGA § 50-18-70, et seq. In relevant part, OCGA § 50-18-71 (a) says: "All public records shall be open for personal inspection and copying, except those which by order of a court of this state or by law are specifically exempted from disclosure." OCGA § 45-16-27 (d) provides a specific exemption from disclosure for autopsy photographs: "Autopsy photographs shall not be subject to disclosure pursuant to [the Open Records Act]."

That exemption from disclosure does not apply, however, "to the disclosure of such photographs to . . . physicians for medical

4

purposes." OCGA § 45-16-27 (d). The statute also provides:

> A superior court may, in closed criminal investigations, order the disclosure of such photographs upon findings in writing that disclosure is in the public interest and that it outweighs any privacy interest that may be asserted by the deceased's next of kin.

Id. Wallace argues that the autopsy photographs he seeks are subject to disclosure because the disclosure is for "medical purposes" and "in the public interest" under OCGA § 45-16-27 (d).

A. *"Medical Purposes" Exception*

Wallace argues that the disclosure of the autopsy photographs is for "medical purposes" under OCGA § 45-16-27 (d) because Dr. Gorniak will "review the autopsy photos" and "form an opinion" about the autopsy that was conducted in Florida. However, at the hearing on his motion, Wallace acknowledged that the purpose of this review was to investigate a potential claim of ineffective assistance of trial counsel that he may raise in his habeas corpus case. Based on Wallace's representations, the trial court found that the "purpose of [Wallace's requested] disclosure is so that the doctor may review the autopsy photos, form an opinion, and ultimately

5

testify in the habeas proceeding, not the furtherance of any medical purpose," and concluded that the "requested disclosure is indisputably for a legal purpose."

We agree with the trial court. Indeed, we cannot say that the investigation or development of a claim of ineffective assistance of counsel is a "medical purpose" under OCGA § 45-16-27 (d). Dictionary definitions of "medical" from around the time OCGA § 45-16-27 (d) was enacted suggest that a "medical" purpose means related to the practice of medicine.[1] See, e.g., The American Heritage Dictionary, Fourth Edition (Houghton Mifflin Company 2000) at 1091 (defining "medical" as "1. Of or relating to the study or practice of medicine. 2. Requiring treatment by medicine"); Merriam-Webster's Collegiate Dictionary, Eleventh Edition (Merriam Webster 2003) at 771 (defining "medical" as "1: of, relating to, or concerned with physicians or the practice of medicine 2:

---

[1] In determining the "ordinary meaning" of a word or phrase in a law, we can look to "contemporaneous dictionaries from around the time when the text was adopted." *State v. SASS Grp.,* LLC, 315 Ga. 893, 898 (885 SE2d 761) (2023). OCGA § 45-16-27 (d) was enacted in 2002. See Ga. Laws 2002, p. 667.

6

requiring or devoted to medical treatment"). By contrast, Wallace's admitted reason for seeking the photos is legal in nature, and he has not offered any reason pertaining to the practice of medicine apart from that. In other words, although Dr. Gorniak is a medical examiner, she was hired to use her medical expertise for a legal purpose—i.e., to help develop a legal claim for Wallace's legal case.[2]

B. *"In the Public Interest" Exception*

Wallace also argues that disclosure of the autopsy photographs to Dr. Gorniak is "in the public interest," which he says "outweighs any privacy interest that may be asserted by the deceased's next of kin." OCGA § 45-16-27 (d).

The basis for Wallace's argument is his contention that OCGA § 45-16-24 should be applied to the victim's autopsy. OCGA § 45-16-24 provides guidelines for conducting autopsies when "an individual dies in any county in [Georgia]," including that when the death is

> a result of violence, . . . it shall be the duty of any law
> enforcement officer or other person having knowledge of

---

[2] We are aware of no cases from this Court or the Court of Appeals interpreting the "medical purpose" exception to OCGA § 45-16-27 (d), and Wallace has cited none.

7

such death to notify immediately the coroner or county medical examiner of the county in which the acts or events resulting in the death occurred or the body is found,

OCGA § 45-16-24 (a), and the notified "coroner or county medical examiner . . . shall order a medical examiner's inquiry of that death," OCGA § 45-16-24 (b). "Local medical examiner" is defined as "a licensed physician appointed by the state medical examiner to perform scene investigations, external examinations, limited dissections, autopsies, or any combination of such duties." OCGA § 45-16-23 (b). But the victim in Wallace's case did not die in "any county in Georgia"; he died in Florida. Thus, OCGA § 45-16-24 did not govern his autopsy.

Moreover, we agree with the trial court's finding that disclosing the autopsy photographs is not "in the public interest" under OCGA § 45-16-27 (d). As explained above, the victim's family objected to the disclosure of the photographs, which the trial court noted in its order denying Wallace's motion. See OCGA § 45-16-27 (d) (explaining that the court may order the disclosure of autopsy

8

photographs if it finds that disclosure "is in the public interest *and* that it outweighs any privacy interest that may be asserted by the deceased's next of kin") (emphasis added).

Wallace contends that the objection the victim's family made is outweighed because it is in the public's interest to allow a Georgia-licensed medical examiner to review an autopsy that was conducted in Florida but used to prosecute a defendant in Georgia. However, he offers no authority to support that proposition, and we agree with the trial court's finding that because the terms of OCGA § 45-16-24 "are wholly inapplicable to the facts of this case," Wallace's claim that applying the statute is "in the public interest" and that this "public interest" outweighs the objection made by the victim's family fails.

C. *Conclusion*

Because the autopsy photographs at issue in this case were "not subject to disclosure" under the Open Records Act, see OCGA § 50-18-70, et seq., and the disclosure of autopsy photographs requested by Wallace is not for "medical purposes" and did not meet

9

the requirements to be "in the public interest" under OCGA § 45-16-27 (d), the District Attorney was not required to disclose the photographs to Wallace.[3] We therefore affirm the trial court's denial of Wallace's motion for disclosure.

*Judgment affirmed. Peterson, CJ, and Bethel, Ellington, McMillian, LaGrua, Colvin, and Pinson, JJ, concur.*

---

[3] We express no opinion on whether there are other ways that Wallace could obtain the autopsy photographs.

PETERSON, Chief Justice, concurring.

I agree with the opinion of the Court that OCGA § 45-16-27 (d) provides at least two separate bases for permitting access to autopsy photos — (1) if the disclosure is to a physician "for medical purposes" (i.e., the medical purposes exception) and (2) if the superior court finds "that disclosure is in the public interest and that it outweighs any privacy interest that may be asserted by the deceased's next of kin" (i.e., the public interest exception). And I agree that the particular claim that Wallace asserts for autopsy photos does not fall within either exception. I write separately to note, however, that OCGA § 45-16-27 (d) raises serious due process concerns if applied restrictively and, in the proper case, these concerns would require disclosure of autopsy photos under the public interest exception.

In addition to the medical purposes and public interest exceptions, OCGA § 45-16-27 (d) provides a third basis for disclosure — to law enforcement and prosecutors "for law enforcement purposes[.]" I am confident we would interpret this exception as permitting access to autopsy photos to defend *against* a habeas

11

petition. But authorizing one-sided access to autopsy photos for which there is a legitimate litigation need would raise serious due process concerns.[4]

Prisoners have a due process right "to contest the legality of a conviction or the constitutionality of prison conditions through habeas corpus proceedings." See *Howard v. Sharpe*, 266 Ga. 771, 772 (1) (479 SE2d 678) (1996); see also *Bounds v. Smith*, 430 U.S. 817, 821 (97 SCt 1491, 52 LE2d 72) (1977), overruled in part by *Lewis v. Casey*, 518 U.S. 343 (116 SCt 2174, 135 LE2d 606) (1996). And we have previously held that statutes declaring information to be confidential must yield to a person's constitutional rights. See *Head v. Stripling*, 277 Ga. 403, 408-409 (1) (c) (590 SE2d 122) (2003) (affirming the trial court's grant of the defendant's habeas petition

---

[4] Although civil litigants may be able to obtain autopsy photos through the normal discovery process, there are practical impediments to a pro se prisoner's ability to avail themselves of these alternatives. And, while I tend to think that the scope of OCGA § 45-16-27 (d) is limited to records sought via an open records request and thus would not apply to bar obtaining autopsy photos through the discovery process, the opinion of the Court expresses no opinion on that question (because no such discovery efforts are before us). Because the opinion of the Court does not resolve OCGA § 45-16-27 (d)'s scope, I address due process issues that may arise if subsection (d) is applied unequally

on the basis that the state improperly withheld exculpatory evidence, even though the evidence was protected by state confidentiality laws); *Mangum v. State*, 274 Ga. 573, 576 (2) (555 SE2d 451) (2001) (trial court erred in denying criminal defendant access to the juvenile records of the State's witnesses, because his "rights under the confrontation clause are paramount to the State's policy of protecting [the privacy of] juvenile offenders"). Accord *Davis v. Alaska*, 415 U.S. 308, 320 (94 SCt 1105, 39 LE2d 347) (1974) (holding that a state's policy interest in protecting the confidentiality of a juvenile offender's record must yield to the defendant's constitutional right to effective cross-examination of an adverse witness); *United States v. Cyphers*, 553 F2d 1064, 1069 (7th Cir. 1977) (noting that a presentence investigation report, which is usually kept confidential, may be subject to disclosure if it is "absolutely essential to effective presentation of a defense and therefore required in the interests of justice"). Thus, this due process right encompasses the right to access at least some information necessary to litigate a colorable claim. See *Owens v. Hill*, 295 Ga.

13

302, 308 (3) (758 SE2d 794) (2014). When a statute would prohibit access to such information, trial courts should resort to permissible ways of offering access if doing so avoids having to decide the constitutionality of the statutory prohibition. See id.

In the context of OCGA § 45-16-27 (d), granting the State — but not prisoners — access to autopsy photos for use in habeas proceedings would likely violate a prisoner's due process rights when the prisoner has a legitimate litigation need for the photos. And because the public has a substantial interest in not applying a statute in an unconstitutional way, it seems to me that a trial court would need to find that a prisoner who can demonstrate a legitimate litigation need for autopsy photos has thereby demonstrated that his request is in the public interest. Of course, OCGA § 45-16-27 (d) also directs trial courts to weigh the asserted public interest against any privacy interests asserted by the deceased's next of kin. But it seems to me that the public interest in avoiding a due process violation by giving a prisoner with a legitimate litigation need (as opposed to a bored prisoner on a fishing expedition) access to necessary evidence

14

virtually always outweighs any privacy interest of the deceased's next of kin (especially when those interests can be accommodated by a protective order).

But Wallace does not make this argument on appeal. Instead, to support his claim under the public interest exception, Wallace makes only one argument: that he needs the autopsy photos to demonstrate that the autopsy was not conducted properly under OCGA § 45-16-24. But, as the Court's opinion correctly points out, OCGA § 45-16-24 — which provides guidelines for autopsies of individuals who die in Georgia — simply does not apply to Wallace's case, where the victim died in Florida. Thus, Wallace has not demonstrated a legitimate litigation need for the autopsy photos, so the due process issue I raise is not implicated today.