**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**May 20, 2026**

# In the Court of Appeals of Georgia

A26A0814. MCKISIC v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Adonis McKisic was convicted of robbery, OCGA § 16-8-40, and battery, OCGA § 16-5-23.1. On appeal, McKisic challenges the sufficiency of the evidence, but the trial evidence authorized the jury to find beyond a reasonable doubt that he committed the charged offenses. McKisic also claims that the trial court improperly expressed an opinion by explaining to the jury McKisic's absence from the courtroom during the trial, but he did not make a timely objection on that specific ground and he has not shown plain error. So we affirm.

1. *Sufficiency of the evidence*

In considering a challenge to the sufficiency of the evidence, "we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt." *Beamon v. State*, 348 Ga. App. 732, 737(3) (824 SE2d 624) (2019) (citation and punctuation omitted).

So viewed, the trial evidence showed that on September 28, 2016, the victim was walking through an apartment complex to visit a friend when she encountered McKisic. She was familiar with McKisic and had spoken to him earlier that day. McKisic asked the victim for 15 cents. She refused, and McKisic told her she "need[ed] a beating." McKisic then struck the victim in the face, knocking her to the ground, and continued hitting and kicking her. The victim briefly lost consciousness and sustained injuries to her head, eye, elbow, and torso. McKisic took from the victim a change purse, containing cash and credit cards, that she had been holding in her hand.

After regaining consciousness, the victim got to her feet and began walking away before falling to the ground. She was afraid that McKisic was going to strike her again. She called 911 and law enforcement officers responded to the scene.

The victim's boyfriend also arrived and found McKisic in a nearby apartment. The boyfriend asked McKisic why he had attacked the victim and he replied that he was "geeked up[,] ... had been drinking[, and had] made a mistake." Shortly thereafter, McKisic left the apartment, the victim identified him to law enforcement as her assailant, and he was arrested.

McKisic asserts that this evidence was insufficient to authorize his conviction on either of the charged offenses. The offense of robbery is committed, among other ways, "when, with intent to commit theft, [a person] takes property of another from the person or the immediate presence of another ... [b]y use of force; ... or by placing such person in fear or immediate serious bodily injury to himself or to another[.]" OCGA § 16-8-40(a)(1),(2). The offense of battery is committed when a person "intentionally causes substantial physical harm or visible bodily harm to another." OCGA § 16-5-23.1(a).

McKisic's only argument with regard to sufficiency is that the victim's identification of him as the perpetrator was not credible. But the credibility of witnesses is an issue for the jury, not this court, to resolve. *Wallace v. State*, 309 Ga.

823, 824(1) (848 SE2d 72) (2020). The evidence authorized the jury to find McKisic guilty of the charged offenses.

2. *Judicial comments about McKisic's absence from the courtroom*

McKisic argues that the trial court erred in comments made to the jury about McKisic's absence from the courtroom. We disagree.

McKisic refused to attend his trial. He repeatedly told the trial court that he would not participate and engaged in disruptive behavior, including verbal outbursts and derogatory or abusive comments directed at the trial judge, the prosecutors, and court personnel. His counsel proposed that the trial go forward without McKisic's attendance, reasoning: "I think his case is better served if he's not sitting here having outbursts with the jury or antagonizing the jury pool or disrespecting the court or prosecution. ... [W]e have seen enough that Mr. McKisic would not have a fair trial were he sitting here, even though it's his right to sit here."

Before voir dire, the trial court stated to the prospective jurors:

Mr. McKisic is here in the courthouse. He has decided he's not going to join us today. He is in the courthouse, and the court will have communication with him throughout the course of the trial, and if he at any time chooses to change his mind and join us, he will be brought to

4

the courtroom immediately. However, at this time he is voluntarily absenting himself from the trial, and so we're going to go forward.

After the jury was selected, the trial court again mentioned McKisic's absence in the context of instructing the jury not to discuss the case with others, stating:

It would be very easy to go home and say gee, I'm trying this case and the defendant is not there and it's kind of odd. It is odd. But that's his choice, and I can just tell you that Mr. McKisic has been in the courtroom twice today. I have spoken to him, and he is welcome to come at any time. And he is in the courthouse, so all he has to do is say I want to come, and he's here. But we are proceeding.

And again, at the start of the next day of trial, the trial court said to the jury: "I have had the opportunity to speak to Mr. McKisic once again this morning, and he has reaffirmed his position. So we'll proceed."

McKisic argues that these comments by the trial court constituted improper expressions of the trial court's opinion as to what has or has not been proved, in violation of OCGA § 9-10-7. As an initial matter, we note that OCGA § 9-10-7 is part of our Civil Practice Act. There is a corresponding provision in our code of criminal procedure, OCGA § 17-8-57, that applies to criminal cases. In his motion for new trial, McKisic did not argue to the trial court that OCGA § 9-10-7 should apply instead of

5

OCGA § 17-8-57, and, indeed, the trial court applied OCGA § 17-8-57 in denying the motion for new trial. Like the trial court, we will consider this claim under OCGA § 17-8-57, rather than OCGA § 9-10-7.

OCGA § 17-8-57(a)(1) provides that "[i]t is error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge's opinion as to whether a fact at issue has or has not been proved or as to the guilt of the accused." Citing *Haymer v. State*, 323 Ga. App. 874, 879(2) (747 SE2d 512) (2013) (physical precedent only), McKisic argues that any such expression of opinion by the trial court is reversible error. But *Haymer* is not binding precedent. See Court of Appeals Rule 33.2(a)(2). Moreover, *Haymer* was "decided before OCGA § 17-8-57 was amended in 2015 to include the plain error analysis." *Rogers v. State*, 369 Ga. App. 543, 548(3) n.8 (894 SE2d 85) (2023).

Under the current version of OCGA § 17-8-57, an objection to a violation of the statute must be made "timely" and must "inform the court of such *specific* objection and the grounds for the objection[.]" OCGA § 17-8-57(a)(2) (emphasis added). The failure to do so "shall preclude appellate review, unless such violation constitutes

plain error which affects substantive rights of the parties." OCGA § 17-8-57(b).[1] See

*Adams v. State*, 322 Ga. 155, 161(3)(a) n.6 (holding that under OCGA § 17-8-57(b),

appellate review of an allegedly improper comment by the trial court is limited to plain

error where the appellant did not object to the comment at trial).

Before the start of the trial, the trial court informed counsel that he would make

a statement to the jury regarding McKisic's absence from the courtroom. McKisic's

counsel did not object to the making of a statement generally; he objected only to the

trial court's plan to tell the jury the absence was voluntary. In doing so, counsel did

not explain his objection or argue that it was an improper expression of the trial

court's opinion or a violation of OCGA § 17-8-57. Later, during a break in voir dire,

McKisic's counsel renewed the objection, expressing concern that jurors might infer

guilt from the fact of McKisic's absence but again not mentioning an improper

opinion by the trial court or a possible violation of OCGA § 17-8-57. He made no other

objections to the trial court's comments.

---

[1] The exception to plain error review, requiring the grant of a new trial if the trial court expressed an opinion as to the guilt of the accused, OCGA § 17-8-57(c), does not apply here, because McKisic has not argued that the trial court's statements in this case were expressions of opinion as to his guilt.

Under these circumstances, we find that McKisic did not timely object to the statements on the ground that they were improper expressions of the trial court's opinion as to what has or has not been proved, in violation of OCGA § 17-8-57(a)(1). So, under OCGA § 17-8-57(b), we review the alleged violation for plain error.

To show plain error, McKisic "must identify a legal error that was not affirmatively waived, was clear and obvious beyond reasonable dispute, likely affected the outcome of the trial court proceedings, and seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Roberts v. State*, 305 Ga. 257, 263(4) (824 SE2d 326) (2019). We need not analyze all four prongs of this test if "the [appellant] has failed to establish one of them." *Jones v. State*, 314 Ga. 466, 469(2) (877 SE2d 568) (2022) (citation and punctuation omitted).

McKisic has not established that the trial court's comments in this case constituted an error at all, much less an error that was clear and obvious beyond reasonable dispute. Trial courts may explain a defendant's absence to the jury without running afoul of OCGA § 17-8-57, see *Williams v. State*, 183 Ga. App. 373, 375(2) (358 SE2d 914) (1987), and we do not construe the specific wording used by the trial court

in this case to express or intimate the trial court's opinion. So McKisic has not shown plain error.

*Judgment affirmed. Watkins and Padgett, JJ., concur.*